Stem v. Nysonger.

DISMISSED.

STEM v. NYSONGER.

1. **Statute of Frauds**: ORAL SALE OF LAND: PRICE PAID IN LABOR. The statute of frauds (Code, §§ 3663-4) does not preclude parol evidence of an oral contract for the conveyance of land, where the vendor has received the consideration therefor in the services of the vendee, under the terms of the contract,—such consideration being "purchase money," within the meaning of § 3665 of the Code. (Compare *Devin v. Himer*, 29 Iowa, 297.)

2. ———: CONTRACT NOT TO BE PERFORMED WITHIN A YEAR: APPLICATION. That provision of the statute of frauds (Code, § 3664, subd. 5) which declares parol evidence incompetent to establish a contract not to be performed within one year, has no application to contracts for the creation or transfer of interests in real estate. (*Sobey v. Brisbee*, 20 Iowa, 105, followed.)

3. **Specific Performance**: WHEN DECREED: EVIDENCE. One who seeks in a court of equity to enforce an alleged parol contract for the conveyance of real estate must establish the contract by clear and unequivocal evidence. The evidence in this case (see opinion) *held* sufficient.

*Appeal from Warren Circuit Court.*

WEDNESDAY, OCTOBER 13.

ACTION in equity to enforce specific performance of an alleged contract for the conveyance of real estate. The circuit court entered a judgment granting the relief demanded. Defendant appeals.

*H. McNeil*, for appellant.

*Mitchell & Penick*, for appellee.

REED, J.—When plaintiff was thirteen years old, he entered defendant's employ on an agreement to work for him until he became twenty-one years old. It is admitted that, by the contract between the parties, defendant agreed to board and clothe plaintiff during his term of service, and to afford him the opportunity of attending school during the winter months, and to give him a team of horses when he attained his majority. Plaintiff's claim is that this last provision of the contract was subsequently modified; defendant agreeing to convey to him, and he agreeing to accept, a forty-acre tract of land instead of the team of horses. The original contract was entered into by parol, and the subsequent modification, if made, as claimed by plaintiff, was also by parol. Plaintiff alleges that he fully performed his undertaking in the contract, and that, when he attained his majority, he demanded of defendant a conveyance of the land, but that he refused to make such conveyance, and he brought this action to enforce performance of the contract. Defendant, in his answer, denied that the alleged modification of the contract was ever made by the parties. Two positions are urged by counsel for the appellant, viz.: (1) That the parol evidence by which plaintiff seeks to establish the agreement to convey the land is incompetent under our statute of frauds; and (2) that, if the evidence should be held admissible, it does not establish the making of the contract with such degree of certainty and clearness as to warrant the court in decreeing specific performance.

I. It is provided by sections 3663 and 3664 of the Code that, except when otherwise provided, no evidence, except it

1. STATUTE of frauds: oral sale of land: price paid in labor.

be in writing and signed by the party sought to be charged, is competent to prove any contract for the creation or transfer of any interest in real

estate, except leases for a term not exceeding one year, or any contract which is not to be performed within one year from the making thereof. It is insisted that, under these provisions, the parol evidence is incompetent. The evidence in the case shows without any doubt that plaintiff continued to work for defendant, under the contract between them, until he became twenty-one years old. It is true that some question was made by defendant as to whether he had at all times worked as faithfully as he contracted to do, but we are satisfied by the evidence that there has been a substantial performance by plaintiff of his undertakings in the contract. It is provided by section 3665, that the provision of the preceding section, which declares that parol evidence is incompetent to establish a contract for the creation or transfer of an interest in real estate, does not apply "when the purchase money, or any portion of it, has been received by the vendor;" and it was held in *Devin v. Himer*, 29 Iowa, 297, that the term "purchase money," as used in that section, means the consideration received, in whatever form it exists. As, therefore, defendant has received the consideration for his undertaking in the contract, the parties are not precluded, by the provision in question, from showing by parol what the real nature of this agreement was; and in *Sobey v. Brisbee*, 20 Id., 105, it was held that the provisions which declare

2. ——: contract not to be performed within a year: application. parol evidence incompetent to establish a contract which is not to be performed within one year has no application to contracts for the creation or transfer of interests in real estate.

II. The rule undoubtedly is that one who seeks, in a court of equity, to enforce an alleged parol agreement to convey real estate, must establish the contract by

3. SPECIFIC performance: when decreed: evidence. clear and unequivocal testimony. We think plaintiff has met the requirements of this rule in the present case. It is shown without dispute that defendant purchased the land in question some four years after plaintiff entered his service. Plaintiff testified that, a

short time after this purchase, the defendant offered to make the modification of their contract alleged in the petition, and that it was then and there agreed between them that defendant, instead of giving him the team of horses when he attained his majority, would convey the land to him. It is true, defendant in his testimony made an absolute denial of this statement. But it is shown by the testimony of a number of disinterested witnesses that, on more than one occasion after he purchased the land, he stated that the contract between him and plaintiff had been modified in the respect alleged, and that he had agreed to give plaintiff the land instead of the team for his services. On other occasions he spoke of the land as belonging to plaintiff, and at other times he stated that he had purchased it for him, and intended to give it to him. The evidence leaves no doubt in our minds that there was an express agreement between the parties that the original contract should be modified in the respect alleged, and that the services rendered by plaintiff, after this agreement, were rendered with the expectation on his part that the land would be given him in consideration thereof, and that defendant accepted them upon the same understanding. Upon the facts proved there can be no doubt of plaintiff's right to judgment for the specific performance of the agreement.

AFFIRMED.