## DORR, Executor, v. STOCKDALE et al.

1. **Res adjudicata:** HEIRS AND ADMINISTRATOR. The administrator is not concluded by a judgment rendered in a cause to which the heirs were parties but to which he was not.

*Appeal from Webster District Court.*

WEDNESDAY, OCTOBER 11.

IN EQUITY. — The facts will sufficiently appear in the the opinion of the court.

*Thomas F. Withrow* (with *F. O. Dorr*) for the appellant.

*Phillips & Phillips* (with *Duncombe*) for the appellee.

LOWE, J. — The bill, in its essential particulars, makes this case: That in January, 1859, one John Buckingham, Jr., died in Lee county, this State (formerly a resident of Webster county of the same State), leaving personal property in the former, and the following real estate in the latter county, namely: S. E. qr. sec. 25, township 89, N. R. 30 west, containing one hundred and sixty acres; that his indebtedness in Lee county exceeded the aggregate value of his personal and real estate; that in March, 1859, one Thomas Jones, of Lee county, was appointed his executor, accepted, was qualified and

*[margin note: 1. RES ADJUDICATA: heirs and administrators.]*

duly entered upon the duties of his trust; died in October following; was succeeded the same month by the appointment of James Buckingham, as executor, who likewise, after due qualification, entered upon the duties of his trust. In May, 1863, he was removed for cause, and the plaintiff in this suit appointed in his stead.

In the meantime, in September, 1859, Henry W. Ringland was appointed executor of the same estate in Webster county; but it is charged, that he did not qualify and give bond according to law. The defendant, J. M. Stockdale, held a note of $200 against the decedent, and obtained permission from the County Court to prosecute his claim to judgment in the District Court, which he accordingly did, and had rendered in his favor a judgment of $226 by default. Afterwards, upon application, the court awarded an execution on the land above described to satisfy said judgment. Stockdale became the purchaser thereof, at sheriff's sale, then sold to his wife, and afterwards he and his wife sold the same land to Stanley Weston, who claims to be the present owner thereof. It is alleged that the note above referred to was invalid, without consideration and void; that the Webster county executorship was subsequent, in point of time, to that of the Lee county administration, and therefore a nullity; that all the proceedings under the same were void, and the court is asked to set the same aside, to the end that the plaintiff might administer upon the whole estate for the benefit of its creditors.

The defense being in the nature of a plea in bar, consists in the following alleged facts: That the said Stockdale, aforesaid, having obtained his judgment as above specified, filed his petition against the heirs and administrator of the decedent, for an award of execution against the land aforesaid; that pending this proceeding, one John Garaughty appeared as attorney for the estate, the heirs, including

James Buckingham, the Lee county administrator, •and applied for a continuance of the cause, making his showing therefor, under oath, stating, among other things, that he was retained by the defendants above named. The application was overruled, and the cause brought, upon exceptions, by appeal, into this court, where the ruling below was affirmed. That afterwards the application for an execution was, upon hearing, awarded by the judgment of the court, and the land described in the petition sold at sheriff's sale, to the said Stockdale, who afterwards reconveyed, and is now owned and held by one Stanley Weston, an innocent purchaser; that subsequent to this, namely, in September, 1860, John Buckingham and Jane his wife, of Pennsylvania, the parents and heirs of the decedent, commenced a suit against the said Stockdale and Ringland, the Webster county administrator, for the purpose of setting aside and having declared null and void the proceedings aforesaid, by the administrator and courts of Webster county, alleging *inter alia*, the priority of the Lee county administration, of which the defendants in that suit were said to have notice; that this suit also resulted in favor of the defendants, and that by virtue of the premises, the plaintiff in the present action is wholly precluded and estopped from litigating the same question any further.

A motion was made to strike this plea from the files, because some of the exhibits referred to therein had not been annexed. These being supplied, however, the cause was tried upon bill and answer, and decided in favor of the defendants, resulting in the dismissal of the cause at plaintiff's cost.

His appeal here, we are inclined to think, should be sustained. The suits plead in bar of a recovery in this case were both disposed of before a trial upon their merits was reached, and in neither was the plaintiff in this suit, or

either of his predecessors as administrator, a party to the record, nor did he or they stand in such privity with the defendant in the first, or the plaintiff in the second proceeding, as to be bound or precluded by the decision in either. The first was simply a proceeding, under section 1918 of the Revision, to have execution awarded upon a judgment already obtained by default against the Webster county land. In this application, Ringland, the Webster county administrator, and the heirs of the decedent, then being in Pennsylvania, consisting of his father and mother, were alone notified and made parties defendant to the proceeding. The only pretense for claiming that the Lee county administrator was a party to that proceeding, was that the attorney who appeared in behalf of the heirs of the decedent, in applying for a continuance of the cause, stated, among other things, in his application therefor, that the Lee county administrator had written to him to look to his interest in that county. The application was overruled and the execution awarded without further trial or objection. Now, whilst it was proper, as it was competent, for the attorney who had been requested by the Lee county administrator to look after his interest, to have made him a party, by a petition of intervention or otherwise, nevertheless he did not do so; and, as a matter of fact, said administrator has never had a day in court in that proceeding, with an opportunity to contest Stockdale's right to his execution, nor did he stand in such a legal relation to the other defendants in that case that a decision against them would be binding in law upon him.

The same may be said of the other suit. Neither the plaintiff in this case or his prior administrator, was a party directly or indirectly to that proceeding; nor were they privies in law to the plaintiff in that action, so as to be in anywise affected by the adjudication therein. The plaintiffs in that proceeding were the heirs-at-law of

the decedent, and had brought the suit to recover back the land in Webster county, in their own right, which was opposed as a matter of course to that of the Lee county administrators, who represented, primarily, the interest of the creditors of the estate. It would be carrying the doctrine of estoppels far, if the rights of the creditors are to be concluded by the heirs acting independently of them, and in their own right in any proceeding which they might institute in behalf of themselves, and to the exclusion of the administrator and the creditors of the estate.

Yet this action to which we have been alluding, like the others, resulted adversely to the heirs, without hearing upon the merits of their complaint.

We are not disposed to allow this, the third suit, properly enough instituted, as we think, by the plaintiff, to go off in the same way. The defendant had better make up his mind to confront the charges specified in the plaintiff's petition, and have the validity of his claim, and the legality of the Webster county executorship, judicially determined after a full hearing upon the merits.

To this end we will reverse the case, and remand the cause, allowing the defendant to plead a new defense if any he has, and if he does not, the court below is directed to enter a decree for the plaintiff agreeably to the prayer of his petition.

Reversed.