Devin v. Himer.

*3. — venue: evidence.*

Affirmed.

Devin v. Himer.

1 **Statute of frauds:** VENDOR AND VENDEE: EVIDENCE. Under our statute of frauds, parol evidence is admissible to prove a contract for the sale of real estate, when the purchase-money, or any part thereof, has been received by the vendor.

2. —— The term "purchase-money," as used in the statute, means the consideration received, in whatever form it may exist. It was accordingly *held*, where the plaintiff agreed to convey to defendant a certain parcel of land for a certain parcel owned by the defendant, that a conveyance by the plaintiff, in accordance with this contract, was a payment of the purchase-money within the meaning of the statute.

3. —— **Conveyance:** BLANKS: DELIVERY. Where the grantor in a deed omitted the name of the grantee, not knowing his full name, and left a blank therefor, and the deed in this condition was delivered by him to the grantee, who, thereafter, by his attorney, filled the blank with his name, and the grantor, afterward, ratified the transaction by bringing suit for the consideration agreed to be paid for the deed, it was *held*, that this was a sufficient execution and delivery of the deed.

4. **Damages:** MEASURE OF: IN LAND EXCHANGE. The measure of damages in an action for a breach of contract for the exchange of lands, where the plaintiff has conveyed that which he agreed to convey, is the value of the land which, by the contract, he was to receive from the defendant.

Vol. xxix.—38

Devin v. Himer.

*Appeal from Polk District Court.*

THURSDAY, JULY 28.

ACTION to recover the value of a tract of land plaintiff claimed to have traded for by parol, with defendant, and which defendant refused to convey, although plaintiff claimed he had conveyed to defendant the real estate he was to give in exchange therefor. There was a trial to a jury, and a verdict and judgment for plaintiff. The defendant appeals. The further facts are stated in the opinion.

*Phillips & Phillips* for the appellant.

*Nourse & Kauffman* for the appellee.

COLE, Ch. J.—The basis of the plaintiff's claim was that he and defendant had made a contract of exchange of real estate; that he had conveyed to defendant that which he was to give, and defendant had refused to convey his, according to contract; and plaintiff brought this suit to recover its value. The defendant admitted that they had negotiated about a trade, but denied that it was ever fully agreed upon, or that plaintiff had conveyed any real estate to him.

1. STATUTE OF FRAUDS: vendor and vendee: evidence.

After the plaintiff had introduced testimony tending to prove the execution and delivery of a deed for the real estate he claimed he had given in exchange for that the value of which this suit is brought to recover, and that defendant had taken possession thereof, he offered to prove by a witness parol declarations made by defendant in relation to the trade. This was objected to, " because it was not competent under the statute of frauds to prove a sale of real estate by parol." The objection was over-

Devin v. Himer.

ruled, and the testimony, which was material, was admitted. Hereon the first error is assigned.

Our statute of frauds (Rev. § 4007, subd. 4), prohibits the admission of parol evidence to establish contracts "for the creation or transfer of any interest in lands, except leases for a term not exceeding one year."

And in the next section (4008), it is enacted that the provisions of the said fourth subdivision do not apply "when the purchase-money or any portion thereof has been received by the vendor, or when the vendee, with the actual or implied consent of the vendor, has taken and held possession thereof under and by virtue of the contract, or when there is any other circumstance which by the law heretofore in force would have taken a case out of the statute of frauds."

The term "purchase-money," as used in this statute, means the *consideration;* and if the plaintiff had conveyed his real estate to the defendant, or the defendant had taken possession of it under the contract, such conveyance, which was a payment of the "purchase-money" or consideration, would bring the case within the exception, as above provided in section 4008, and made parol evidence admissible. Whether such conveyance had been made was a question of fact for the jury to determine, under the instructions of the court; and, subject to such determination, the parol evidence was admissible, such evidence of the conveyance having been offered as tending to prove that fact. There was no error, therefore, in admitting the testimony.

II. The testimony tended to prove that plaintiff, understanding that a contract for exchange of the real estate had been fully agreed upon, executed, with his wife, who joined therein, the plaintiff being the owner of the fee, a deed of general warranty for the real estate he was to convey to defendant; the plaintiff

3. CONVEYANCE: blanks: delivery.

wrote the deed himself, and not knowing the christian name of the defendant, he left a blank for his entire name, intending to insert it when he should meet the defendant and ascertain his name. The deed in that condition was acknowledged by the plaintiff and his wife; and afterward, on the same day, the plaintiff met the defendant on the street and delivered the deed to him, the defendant then having the key to the house situated on the real estate conveyed by the deed. About the same time the defendant took the deed to his land agent and scrivener to get him to prepare a deed for the defendant and his wife to execute to plaintiff for the land in controversy, which he was to convey in exchange for that received by him. The agent and scrivener, seeing the blank for the name of the grantee, inserted therein the name of the defendant, Julius T. Himer, and then prepared the deed for him and wife to execute to plaintiff. But for some reason the defendant or his wife afterward concluded not to make the trade, and not very long thereafter returned the key and the deed to plaintiff's land agent.

It was, in the court below, and is now here, claimed, that the deed did not pass the title to the defendant, for the reason that the name of the grantee was not inserted therein when it was delivered, and hence that there was no payment of the purchase-money for the defendant's land, and the case is within the statute of frauds and not within the exception above.

It is not necessary for us to again review the cases bearing upon this question. They were thoroughly examined and reviewed by DILLON, J. (now of the United States circuit court) in the case of *Simms* v. *Hervey*, 19 Iowa, 272. The deed in controversy seems to come completely within an exception to the general rule laid down in that case. It is said, on page 297, in speaking of a case there

Devin v. Himer.

referred to : " This deed is distinguishable from the one under consideration, there being in ours no specific grantee intended, no express authority from the owner to fill up blanks and deliver to him, and no subsequent adoption of what had been done, by bringing an action on the bond given for the purchase-money and claiming the benefit of the delivery of the deed."

In this case the plaintiff and his wife executed the deed for the defendant, and only left the name blank because they did not know it in full ; he was the specific grantee intended ; he had express and full authority to insert his own name, and it was the intention that he should do so, and it was delivered for that object and purpose ; his name was inserted pursuant to that intention ; the grantors ratified the same and claim the benefit of the delivery and of the perfected deed. The jury having, by their verdict for the plaintiff, found these facts, and in which they were fully warranted by the evidence, we have no hesitation in holding the deed valid and complete ; nor would we have if the plaintiff were seeking to avoid it.

III. The measure of the plaintiff's damages would be the value of what he was, by the contract, to receive for the real estate he had conveyed to plaintiff. That is, the defendant ought to pay what he had agreed to pay. Refusing to pay the specific property to which the plaintiff, by the contract, was entitled, he ought, of course, to pay the value of that specific property which he wrongfully kept.

4. DAMAGES: measure of: land exchange.

IV. The instructions given were in accord with the views herein expressed, and those refused were contrary thereto, and it becomes unnecessary to review them further.

Affirmed.