CHARLES S. FORBES & another *vs.* FRANKLIN P. DOUGLASS, administrator.

Worcester.    November 22, 1899. — January 5, 1900.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Estates of Persons Deceased — Administrator and Heir — Decree against Latter as Adjudication against Former — Answer.*

A decree, dismissing a suit in equity brought by the heirs of a deceased person to set aside a contract made by him, on the grounds of insanity and fraud, to which suit the administrator of his estate is not a party, is not an adjudication which will bind the administrator, in an action against him upon such contract, the defences to which are insanity and fraud ; and the pendency at that time of the suit in equity is not a material fact to be alleged in the answer to the action, and the allegation cannot affect in any way the defendant's rights.

CONTRACT, against the administrator of the estate of Alfred W. Wilcox, for breach of an agreement contained in a deed of land in Worcester from the plaintiffs to the intestate. Trial in the Superior Court, before *Hopkins*, J., who directed the jury to return a verdict for the plaintiffs ; and, the defendant having excepted, at his request, reported the case for the determination of this court. If the rulings were right, judgment was to be entered on the verdict ; otherwise, the case was to be remitted for a new trial. The facts appear in the opinion.

*F. P. Goulding,* (*E. F. Thompson* with him,) for the defendant.
*H. Parker,* for the plaintiffs.

HOLMES, C. J.   This is an action upon a contract made by
the defendant's intestate as one of the elements in a sale and
exchange of lands.   The defendant set up the insanity of his
intestate, and that the transaction was fraudulent.   At the trial
the plaintiff produced the record of a suit in equity, brought by
the heirs of the defendant's intestate to set aside the bargain,
and dismissed, as we assume to have been proved sufficiently, on
the ground that insanity and fraud were not made out.   The judge
admitted the record and ruled that it was an adjudication against
the defendant.   This ruling was excepted to and is before us on
a report.

The defendant was not a party to the suit in equity, and there-
fore the inquiry would seem to be rather for grounds upon which
the decree could bind him than for arguments against its doing
so.   The fact that he ought to have been made a party if a re-
scission of the whole transaction of his intestate was sought for,
( *Wilcox* v. *Forbes*, 173 Mass. 63, 65,) does not make the decree
more effectual against him than against any other stranger.   A
decree does not bind strangers merely because they ought to
have been given a chance to be heard.   The defendant does not
claim through the heirs but rather paramount to them, so far as
he and they have claims to the same property.   For the most
part their rights and obligations are different.   Executors and
administrators, although their rights and liabilities are carved
in the main from what once was the province of heirs, represent
different interests, not that of distributees merely, but that of
creditors.   It is true that administrator and heir both derive
their rights from the deceased, that both in their several spheres
represent his person, and that in some cases where the right or
liability is primarily that of the administrator his act may affect
the rights of the heir.   *Bullard* v. *Moor*, 158 Mass. 418, 425.   So
in some cases a judgment for or against the administrator may
bind the heir and in some cases not.   *Walsh* v. *Packard*, 165
Mass. 189, 192.   *Thayer* v. *Hollis*, 3 Met. 369.   See cases below.
But these cases go on special reasons and afford no general
ground for the converse and much broader proposition that
the administrator is bound by whatever binds the heir.   As we
can think of no ground which furnishes even an argument for
such a rule, we content ourselves with stating our opinion that

the general principle must prevail, and that the defendant was not bound or affected by a decree in a suit to which he was not a party and in which he never was named or heard. *Dorr* v. *Stockdale*, 19 Iowa, 269. See *Stone* v. *Wood*, 16 Ill. 177 ; *Wilson* v. *Kelly*, 19 S. C. 160 ; *Watts* v. *Taylor*, 80 Va. 627, 632 ; *Curry* v. *Peebles*, 83 Ala. 225, 227 ; *Ferguson* v. *Broome*, 1 Bradf. 10. The only cases which we have seen that need mention as looking at all the other way are *Molton* v. *Miller*, 3 Hawks, 490, 498, and *Hardaway* v. *Drummond*, 27 Ga. 221. The former held a judgment in ejectment against heirs conclusive in a subsequent action against an administrator for mesne profits. This went on the words of a statute and on the fact that the heirs represented the principal interest, neither of which facts exists in the present case. The latter contains a dictum that an administrator cannot recover property for the benefit of heirs when they are barred. This also is not shown to have any application.

At the time when the answer was filed the suit in equity was pending, and the fact that it was pending was alleged. We do not perceive its materiality to the answer, or how the allegation should affect in any way the defendant's rights.

It seems not unlikely that there was a mistake as to the rule of damages in not allowing a deduction of the amount realized on foreclosure of the mortgage. But as the facts are not very clear and the question may not arise again, we do not go into it.

*Case remitted for new trial.*