L. J. RIGG, *Admr. v.* MARTHA CANTERBURY

(No. 8008)

Submitted May 7, 1935. Decided May 21, 1935.

*F. F. Scaggs* and *Jess Hammock,* for plaintiff in error.

KENNA, JUDGE:

This is an action in detinue brought by L. J. Rigg, administrator of the estate of Henry Wilkinson, deceased, against Martha Canterbury in the circuit court of Wayne County. From the declaration, it appears that the following property was sought to be recovered:

"One promissory note of $50.00, signed by Charley Trout, payable to the order of Henry Wilkinson, of the value of $50.00.

One promissory note of $110.00, signed by B. C. and Margaret Brumfield, payable to the order of Henry Wilkinson, of the value of $110.00.

One promissory note of $182.50, signed by Charley Rigg, payable to the order of Henry Wilkinson, of the value of $182.50.

One promissory note of $450.00, signed by . ..... . Jarvis (Jervis), payable to the order of Henry Wilkinson, of the value of $450.00.

One promissory note of $150.00, signed by Moody Wilkinson, Grover Wilkinson, and Francis Wilkinson, et al., they being heirs of John and Elizabeth Wilkinson, both deceased, and payable to the order of Henry Wilkinson, of the value of $150.00.

One red and white cow, named Spotty, of the value of $50.00.''

Defendant, Martha Canterbury, filed a plea of *res judicata,* setting up that the plaintiff in this action of detinue was a party defendant in the circuit court of Wayne County, West Virginia, in an action involving a certain note, one of a series of notes given to the defendant by Henry Wilkinson in his lifetime; that the former action on the note there sued on ''involved the very same evidence in the declaration mentioned''; that the defendant in this action recovered judgment against the plaintiff in this action on the note sued on in the former action, and that the judgment in the former action operates as a bar to the recovery of the plaintiff here.

A demurrer to the plea of *res judicata* was overruled, and the·case was heard upon a stipulation of fact from which it appears that on January 17, 1932, Martha A. Canterbury brought suit before a justice of the peace of Wayne County against Moody Wilkinson, Grover Wilkinson and Francis Wilkinson, heirs at law of Henry Wilkinson, deceased, upon a note, and that the evidence in that case went to the question of whether Martha Canterbury had possession of the note there sued on simply as custodian for the estate of Henry

Wilkinson, or whether that note had actually been given to her by the deceased in his lifetime.

We are of opinion that the demurrer to the plea of *res judicata* should have been sustained. The plea fails to show the identity of the cause of action involved in the detinue suit with that decided in the former trial, in which suit Martha Canterbury was the plaintiff, nor does it satisfactorily show any privity of interest on the part of the parties to the detinue action with the parties in the cause of action asserted in the former suit. It sets forth that the note sued on in the former suit was one of a series of notes given to the defendant in the detinue action by Henry Wilkinson in his lifetime, and that the defendant in the detinue action had recovered against the plaintiff on a similar note in the former action. It sets forth further that the note in the former action involved the very same evidence in the declaration mentioned in this action. It appears plainly that there is no series of notes involved in the sense of notes signed by the same persons and growing out of the same transaction, but the record shows that those sought to be recovered in the detinue action here were made by different persons in different amounts. A separate and distinct cause of action would arise from each of the notes sought to be recovered in this detinue action. But even had the note sued on in the former action been one of a series with the notes here sought to be recovered, the same thing would be true. The learned trial judge evidently took the view that because, in the former action Martha Canterbury had been required to prove her title to the note therein involved, and that in that action that question had been decided in her favor by a jury, the judgment there was *res judicata* of the issues raised in this case. This might be true if the causes of action were identical, but they are not. Where the former cause of action is identical with the cause of action sought to be barred, it may be said that the decision of all of the issues actually litigated in the former action, as well as all of the issues that could have been litigated therein, when properly pleaded, arise to bar the litigation of the issues in the second suit, and that the principle of *res judicata* is strictly applicable. If, however, the parties are the same and

the same questions were actually tried in the former suit as are required to be tried in order to dispose of the second suit, though the cause of action is not identical, then the former matter that was actually litigated may be an estoppel, and as such, may be pleaded and proven. It is not, strictly speaking, *res judicata*. *Cromwell* v. *County of Sac*, 94 U. S. 351, 24 L. Ed. 195; 15 R. C. L. 962, sec. 438.

It appears from the stipulation of fact that the personal representative was not actually a party to the former suit, although it appears that certain heirs-at-law of the deceased were parties defendant against whom the judgment was rendered. In the absence of allegations to the effect that *all* of the distributees of the estate of Henry Wilkinson were parties to the former suit, and that there are no creditors of that estate, and in the absence of proof to substantiate both allegations the privity required for a plea of *res judicata* is not properly established. *Forbes* v. *Douglass*, 175 Mass. 191, 55 N. E. 847; *Dorr* v. *Stockdale*, 19 Iowa 269.

For the reasons stated, the judgment of the circuit court of Wayne County will be set aside and a new trial awarded.

*Reversed and remanded.*