ROBINSON IMPROVEMENT COMPANY, *a Corporation*

*v.*

TASA COAL COMPANY, *a Corporation*

(CC 839)

Submitted September 17, 1957. Decided December 17, 1957.

*Walter F. Ball, Ronald R. Hassig,* for plaintiff.

*Paul J. Shiben,* for defendant.

DUCKER, JUDGE:

The plaintiff, Robinson Improvement Company, a corporation, filed its bill of complaint in the Circuit Court of Wetzel County against the defendant, Tasa Coal Company, a corporation, seeking a cancellation of two deeds made to the defendant by the Deputy Commissioner of Forfeited and Delinquent Lands for Wetzel County, West Virginia, to which bill of complaint the defendant demurred. The court overruled defendant's demurrer and certified to this Court the questions of law involved. Although the defendant is the appellant and the plaintiff the appellee here, we shall retain their original designations as plaintiff and defendant for the purpose of referring to them in this opinion.

The bill of complaint alleges: that the plaintiff is the owner of a one-half undivided interest in and to the oil and gas within the underlying two tracts of land consisting of (1) 181 acres and 2403 square feet, and (2) 311 acres and 20,769 square feet, situate in Grant District, Wetzel County, West Virginia; that plaintiff's title to said tracts of land was derived through a deed from John Orr to L. G. Robinson dated March 2, 1892 and recorded in Trust Deed Book 11 at page 186, conveying a tract of 2000 acres which, less previous outsale deductions, left a net acreage of 1528 acres, and that by a further conveyance in 1893 to William Carlin of 60 acres the said tract was reduced to 1468 acres; that by lease dated March 3, 1892, and recorded in Deed Book 36 at page 247, L. G. Robinson and husband leased to South Penn Oil Company a tract containing 1314 acres in Grant District, and by deed dated April 27, 1894, Deed Book 39 at page 292, L. G. Robinson and husband conveyed unto South Penn Oil Company a one-half interest in the oil and gas in 1685 acres in Grant District, Wetzel County and McElroy District, Doddridge County; that by deed dated August 23, 1905, Deed Book

94 at page 84, L. G. Robinson and husband conveyed to the plaintiff, Robinson Improvement Company, "this property" without indicating in the bill whether the property so conveyed was 1468 acres, 1314 acres or 1685 acres, except that such conveyance included a 157 acre tract previously excluded from the 2000 acre Orr tract hereinbefore mentioned; that by deed dated June 4, 1917, Deed Book 125, page 16, Robinson Improvement Company conveyed to John Carlin the 311 acre tract hereinbefore mentioned, and by deed dated April 3, 1918, Deed Book 126, page 226, Robinson Improvement Company conveyed to William Carlin the 181 acre tract hereinbefore mentioned, both of which were carved out of the original Orr tract, reserving to Robinson Improvement Company all the oil and gas under said two tracts; that copies of all said deeds and muniments of title are made exhibits with the bill; that said two tracts of 311 and 181 acres, respectively, were from 1918 to 1925, both inclusive, assessed in the name of the plaintiff for taxes in a large tract described as 2004½ acres, and in 1926 the Land Books of Wetzel County show that a one-half interest in the oil and gas under 1314 acres was assessed separately to Robinson Improvement Company, which assessment of 1314 acres plaintiff says included plaintiff's one-half interest in the oil and gas under the 311 and 181 acre tracts; that W. E. Lemon, Deputy Commissioner of Forfeited and Delinquent Lands for Wetzel County, West Virginia, by "pretended" tax deeds, dated May 24, 1955, recorded in Deed Book 195 at pages 241 and 244 respectively, copies of which are made exhibits with the bill, attempted to convey the one-half undivided interest in the oil and gas in said 311 and 181 acre tracts to defendant, Tasa Coal Company, for the alleged non-payment of taxes returned delinquent for the year 1931 and sold in 1932 to the State of West Virginia; that said oil and gas interest were not, in truth and fact, delinquent and the return so made not correct; that plaintiff has paid and holds receipt for the payment of all taxes on the said tracts for the year 1931 and thereafter, and that plaintiff has promptly paid the taxes upon said

land at all times. The bill of complaint does not show the details of the assessments between 1926 and 1929, inclusive, but such is not material to a decision herein.

The two receipted tax tickets, there being no others exhibited by plaintiff with its bill, show oil and gas assessments against plaintiff (1) for the year 1930 a tract of 1314 acres, and a tract of 311 7/8 acres with an ink or pencil line drawn through that latter one item on the ticket, and (2) for the second half of the year 1932, tracts of 1314 and 311 acres, respectively.

Our decision in this case really renders unnecessary for inclusion herein of such a detailed statement of the facts alleged as to the title and assessment of the tracts here involved, but we have so made it because it shows the likelihood of error or confusion, both on the part of the plaintiff and the assessing authorities, as to the correct acreages for assessment purposes, and the probable necessity for the determination of all questions of correctness of assessment and delinquency thereof in the suit hereinafter discussed.

In its demurrer, the defendant assigns the following grounds: (1) that the alleged cause of action of plaintiff is barred by the statute of limitations according to Code 11A-3-30, as amended by Chapter 117, Acts of the Legislature, 1941, and Code 11-3-24, 24a, 25, 26 and 27, as amended by Chapter 41, Acts of the Legislature, 1933, Regular Session and by Chapter 123, Acts of the Legislature, 1939; (2) that plaintiff's alleged causes of action have been adjudicated in the suit formerly pending in the Circuit Court of Wetzel County styled State of West Virginia v. Sarah J. Furbee, Robinson Improvement Company and others; (3) that plaintiff is equitably estopped from asserting its causes of action in this suit; (4) that plaintiff's bill shows on its face that the taxes for the year 1931 on each of the two tracts of 181 and 311 acres respectively of oil and gas were not in fact paid; and (5) that there is no equity in the bill.

The trial court's certification of the questions presented is in language almost identical with that contained in the demurrer.

In the opinion of the Judge of the trial court, the reason for overruling defendant's demurrer is mainly based upon the plaintiff's allegation that it had paid all taxes on the tracts here involved, that consequently there was no delinquency, that the state acquired no title by the additional or double assessment, and that therefore the sale of such property therefor is void.

While the first assignment of error which involves the question of the timeliness of the institution of this suit under Code 11A-3-30, as amended by Chapter 117, Acts of the Legislature, 1941, and the failure of the plaintiff to avail itself of the several opportunities to have had a proper assessment of its lands for taxes as provided in Code 11-3-24, 24a, 25, 26 and 27, as amended by Chapter 41, Acts of the Legislature, Regular Session, 1933, and by Chapter 123, Acts of the Legislature, 1939, may or may not be applicable to the case we have here, we are not disposed, in the light of the record and because of our decision herein on the second assignment of error, to pass upon the validity of the questions raised by such first assignment. Nor, for the same reason, is it necessary to decide the questions raised by the defendant's third, fourth and fifth assignments.

The defendant's second assignment of error that the court should have sustained defendant's demurrer, namely, that the plaintiff's alleged cause of action has been adjudicated in the suit formerly pending in the Circuit Court of Wetzel County styled State of West Virginia against Sarah J. Furbee, Robinson Improvement Company and others, is the one upon which our decision in this case rests.

The plaintiff in its bill seeking to have cancelled and declared null and void the two deeds of the Deputy Commissioner of Forfeited and Delinquent Lands makes no allegations as to the record and proceedings in the Cir-

cuit Court of Wetzel County in the case of State of West Virginia v. Sarah J. Furbee and others, but makes as "Exhibit H" and "Exhibit I" the deeds made pursuant to or as a part of such proceedings. Each of those exhibits recites that "Whereas, in pursuance of and in accordance with the statutes in such case made and provided, the above named deputy commissioner did, by order of the Circuit Court of Wetzel County, West Virginia, entered on the 11th day of March, 1955, sell on the 16th day of April, 1955, the real estate, hereinafter mentioned and described, for the benefit of the school fund, * * *" and, "Whereas, by an order entered on the 23rd day of May, 1955, * * * has confirmed the sale and ordered that this deed be executed."

The plaintiff alleges no procedural or jurisdictional irregularities in the case referred to, unless and except to the extent that the validity of such proceedings should be considered as challenged by or attacked in the allegations that plaintiff has paid its taxes on the large tract which it said embraced the tracts covered by the two parcels in the two deeds of the Deputy Commissioner, and that therefore there was no real delinquency and no title in the state which could be sold. If these allegations in the plaintiff's bill can be considered as inconsistent with or in contradiction of the facts disclosed by the exhibits to the bill, the question then arises as to whether the contents of the exhibits are to prevail over such allegations. In *Black* v. *Maxwell,* 131 W. Va. 247, 254, 46 S. E. 2d 804, this Court said:

"The rule is well established, however, that when exhibits are filed in support of a pleading they are considered as a part of it and if the two are in conflict the exhibit will control and be looked to by the Court. *Caswell* v. *Caswell,* 84 W. Va. 575, 100 S. E. 482; *Freeman* v. *Carnegie Natural Gas Co.,* 74 W. Va. 83, 81 S. E. 572; *Atlantic Terra Cotta Co.* v. *Moore Construction Co.,* 73 W. Va. 449, 80 S. E. 924; *Board of Education* v. *Berry,* 62 W. Va. 433, 59 S. E. 169, 125 Am. St. Rep. 975; *Richardson* v. *Ebert,* 61 W. Va. 523, 56

S. E. 887. Accordingly the character and the effect of each writing and particularly of that dated February 11, 1946, will be determined by the Court from the contents of the exhibit, regardless of the allegations concerning it. *City of Wheeling* v. *Benwood-McMechen Water Co.,* 115 W. Va. 353, 176 S. E. 234; *Lockhead* v. *Berkeley Springs Waterworks and Improvement Co.,* 40 W. Va. 553, 21 S. E. 1031."

As has been shown, the two exhibits, copies of the two deeds sought herein to be set aside, show that the deeds were made to the defendant, in accordance with the statutes, pursuant to orders of the Circuit Court of Wetzel County directing the sale of the land and pursuant to subsequent orders confirming the sale, in the chancery cause styled State of West Virginia v. Sarah J. Furbee and others, and that said land was the same land as to which the oil and gas, with related mining rights and privileges, were reserved by Robinson Improvement Company (the plaintiff herein), in the latter's deeds to William Carlin and John Carlin, respectively, dated and recorded as therein specified. Plaintiff does not deny that the chancery suit referred to in the two deeds of the Deputy Commissioner has been heard and determined. Though plaintiff's allegations of payment of the taxes for 1931 on the involved tracts are intended to show lack of jurisdiction and void proceedings upon which the deeds are based, nevertheless, they do not show facts sufficient to rebut and overcome the presumption that in a court of competent jurisdiction the process and orders and other proceedings were regular, and that the defendant was before the court in that case for a determination of its rights, including the questions of its alleged payment of the taxes and any incorrectness as to delinquency or sale to the state. The recent case of *Adkins* v. *Adkins,* 142 W. Va. 646, 97 S. E. 2d 789, and the cases cited therein are authority for the effectiveness of recitals of court proceedings in deeds of this nature. The statute, among its detailed requirements as to the sale by the state of lands acquired by it because of tax delinquencies, in Code 11A-

4-33, as amended by Chapter 160, Acts of the Legislature, Regular Session, 1947, provides: "The deed shall be conclusive evidence of the acquisition of such title." This provision, the effectiveness of which it is unnecessary here to determine, does emphasize the intention of the Legislature to make suits by the Deputy Commissioner to sell lands to which the state has acquired title because purportedly delinquent or forfeited, comprehensive of all questions, including delinquency and rights of the parties to the suit to redeem. It is necessary for the defendants to assert their claims or rights in such suits, and an attack on such suit must be made therein either directly by appeal therefrom, or, when shown to be void, collaterally by prohibition or other proper procedure. The plaintiff, being by the purport of the orders presumed to have been a party to the suit, had its day in court for any defenses it may have desired to make, and having failed to do so cannot be heard to complain. We conclude that the suit formerly pending in the Circuit Court must be considered as regularly brought and determined and, with no appeal therefrom, that it adjudicated with finality the issues of delinquency, the sale to the state, and the sale thereof to the defendant of the property described in the two deeds.

Numerous cases have been cited by counsel for plaintiff in support of their argument, that because the plaintiff had alleged proper payment of the taxes on the two tracts of land, no title was acquired by the state and the state had nothing to sell, and that deeds made pursuant to such improper assessment were void and should be set aside by a suit in equity for that purpose. Among the cases cited, many of which are of quite early dates, are the later ones of *State* v. *Blevins,* 131 W. Va. 350, 48 S. E. 2d 174; *Hardman* v. *Ward,* 136 W. Va. 370, 67 S. E. 2d 537; and *Bailey* v. *Baker,* 137 W. Va. 85, 68 S. E. 2d 74. The decisions in the earlier cases were based upon the law as it existed prior to the enactment of the present statute, or such cases involved defenses which were properly and timely made in the proceedings relating to the sale, and

quite often to deeds made by the sheriff or county clerk without any judicial determination of the rights of former owners or parties.

The *Blevins* case, *supra,* held that the present statute afforded a judicial proceeding and that it was constitutional, even though process was only by order of publication; and that case is authority for our decision here.

And in the case of *Hardman* v. *Ward, supra,* the suit was to set aside a deed made by a county clerk and not pursuant to a foreclosure suit as in the instant case.

And in the case of *Bailey* v. *Baker, supra,* this Court held that the description in a county clerk's deed which described the property as Lot 182 instead of Lots 1 and 2, was not sufficient to prevent a forfeiture of said Lots 1 and 2 to the state for non-entry thereof, although the former owner paid the taxes on the land described as Lot 182. Here the improper description was the vital defect and such question was adjudicated in the suit in the trial court and appealed here.

To remove the skepticism surrounding tax deeds issued upon the termination of administrative processes and to insure purchasers of good title in their purchases of lands sold by the state for the benefit of the school fund are two apparent reasons why the Legislature, after previous unsuccessful attempts, enacted in 1947 the present statute as contained in Code 11A-4, which provides a judicial proceeding *inter partes* and substantially one *in rem,* meeting the "due process" requirements of Article XIII, Sections 4 and 5 of the West Virginia Constitution.

The purpose of the provisions providing for the suit by the Deputy Commissioner of Forfeited and Delinquent Lands to sell lands forfeited or delinquent is to afford judicial determination of all the questions of the rights of the parties and then to make the proper order, which may or may not be appealable, and when that proceeding is completed in proper manner, even though it may be erroneous, the decision is final as in any other case of

*res adjudicata. Reuben O. Zirkle* v. *Moore, Keppel & Company,* 110 W. Va. 535, 158 S. E. 785; *Ida Walker* v. *West Virginia Gas Corporation,* 121 W. Va. 251, 256, 3 S. E. 2d 55. The purchaser acquiring the title of the state is substantially the same party as and in privity with the state in the foreclosure proceeding and the plaintiff cannot claim lack of proper parties as a basis for the non-application of this principle of law.

The plaintiff also contends that the defendant has not properly raised the question of *res adjudicata* by demurrer, but says that such question should or could have been raised by an answer. This point would have merit were it not for the fact that the plaintiff's bill does not allege irregularity in the Deputy Commissioner's suit, and its exhibits evidence what is presumably a regular and valid chancery suit decreeing the sale of the property. The demurrer to such bill and exhibits is sufficient for such purpose.

For the reasons hereinbefore shown, we are of the opinion to, and do, hold that the trial court erred in overruling the demurrer of the defendant and we, accordingly, reverse the ruling on the second point certified and answer the question presented thereby in the affirmative.

*Ruling reversed.*