MARSHALLENE LANE *et al.*

*v.*

ROY WILLIAMS *et al.*

(No. 12457)

Submitted September 14, 1965.     Decided October 5, 1965.

*H. D. Rollins,* for appellants.

*Boyce Griffith, George A. Daugherty,* for appellees.

CALHOUN, JUDGE:

This case is before the Court on appeal from a final judgment of the Circuit Court of Lincoln County entered on January 5, 1965, in a civil action in which the plaintiffs, Marshallene Lane, Gladys Johnson, Faye Conner, Mary Jane Gerhart, Thomas Dugan, Linda Tincher, Jack Dugan and James Dugan, seek to have an adjudication that they are the rightful owners of a portion of a tract of land conveyed to M. J. Banks by the Board of Education of Lincoln County by a deed dated November 6, 1958. The tract in question was subsequently conveyed by M. J. Banks to defendants, Roy Williams and Alice Williams, husband and wife, and thereafter it was conveyed by Roy Williams and Alice Williams to defendants, Azil Pauley and Vada Pauley.

In an answer filed by the defendants Azil Pauley and Vada Pauley, they assert (1) that they are the owners in fee simple of the land in controversy; (2) that the plaintiffs are precluded, on the basis of the doctrine of *res judicata,* from having the relief sought by them; and (3) that they hold valid title to the land by adverse possession.

By its final judgment, the circuit court sustained the plea of *res judicata* and dismissed the action at the cost of the plaintiffs. The single question presented for decision on this appeal is whether the trial court correctly sustained the plea of *res judicata.* The case was submitted for decision in the trial court and in this Court on the pleadings and upon an undisputed state of facts embodied in a written stipulation made by counsel. A brief review of the pertinent facts is necessary in order to present properly the basic question before the Court for decision.

In 1894, Victoria A. Burdette and S. P. Burdette, her husband, for a consideration of $25.00, conveyed a lot containing three-fourths of an acre from a tract of forty acres to the Board of Education of Washington District of Lincoln County as a site on which a public school building was subsequently erected. At that time there was in effect in this state a statute which provided that, upon discontinuance of such a school, the "grantor or his heirs" were entitled to a reconveyance of the school lot upon payment to the board of education of the sum of money received by the grantor as consideration for the original conveyance to the board of education. The school on this site was discontinued in 1957, and the school lot was sold at public auction and conveyed to M. J. Banks.

A former action, the one which is alleged to form the basis of *res judicata*, was instituted by the present owners of the residue of the forty-acre tract in order to require a reconveyance to them of the former school lot. Defendants in that action were the Board of Education of Lincoln County, M. J. Banks, Roy Williams and Alice Williams. The conveyance from Roy Williams and Alice Williams to Azil Pauley and Vada Pauley was made after the former action was terminated by final adjudication. The trial court held in favor of the defendants in the former action. Upon appeal by the plaintiffs, this Court held that the plaintiffs in that action, though the owners of the residue of the forty-acre tract, were not "the grantor or his heirs" within the meaning of the statute in effect when the original conveyance was made to the board of education by Victoria A. Burdette and her husband and that, therefore, the plaintiffs were not entitled to a reconveyance of the school lot under the provisions of the statute. The opinion of the Court in the former case is reported in 147 W. Va. 737, 131 S. E. 2d 165, to which reference is here made for a more detailed statement of the facts which furnished the basis for both the former action and the case now before the Court for decision.

After the former case was decided by this Court, a new action, the one involved in this appeal, was instituted. In

this case the plaintiffs are the same as in the former action and are successors in title to and owners of the residue of the forty-acre tract from which Victoria A. Burdette and husband conveyed the school lot to the board of education. The sole defendants in the present case are Roy Williams, Alice Williams, Azil Pauley and Vada Pauley.

In the present case, the plaintiffs do not seek a reconveyance of the three-fourths of an acre which was formerly a school lot. Obviously they recognize that, under this Court's prior decision, they have no standing to require a reconveyance of the school lot pursuant to the statute which was in effect when it was originally conveyed. The Board of Education of Lincoln County, as successor of the Board of Education of Washington District, has not been made a party to the second action. No claim is made by the plaintiffs in this action to any part of the former school lot. In the present case the plaintiffs assert that the Board of Education of Lincoln County conveyed to M. J. Banks in 1958 a considerable portion of the residue of the forty-acre tract which belongs to the plaintiffs and which was not at any time a part of the school lot.

Counsel for the defendants, on this appeal, apparently does not contend that the cause of action in the present case is the same as that which was involved in the former case. Rather he contends that the plaintiffs properly could have litigated in the former action the matters presently in issue and that, therefore, the plaintiffs are estopped to assert such matters in the present case. We believe that such contention cannot be sustained under applicable legal principles.

It appears from an order of the trial court entered pursuant to a pre-trial hearing in the present case that all parties agree that in its deed to M. J. Banks, the Board of Education of Lincoln County conveyed by metes and bounds a portion, but not all, of the school lot originally conveyed by Victoria A. Burdette and husband; and that, by the same deed, the board of education also undertook to convey to M. J. Banks by metes and bounds a considerable portion of the residue of the forty-acre tract owned by

the plaintiffs. It is obvious, therefore, that the present case involves different parties defendant, a different parcel of land and a different basis of recovery asserted by the plaintiffs. The former action was predicated on a right created by statute. That statute is not involved in the present case. In the former action, there was no adjudication of the case on its merits. There was no adjudication in the former action of any of the matters in issue in the present case, and, under the issues defined by the pleadings, there could not properly have been an adjudication in the former case of any of the matters in issue in the instant case. We are of the opinion, therefore, that the cause of action asserted by the plaintiffs in the second action, the present case, is wholly different from that asserted by them in the former action.

This Court has recognized a technical distinction, quite generally overlooked, between a situation in which the cause of action is the same in both the former case and in the latter case; and, on the other hand, a situation in which the causes of action in the two cases are different. "In strictness, the plea of *res adjudicata* is available only when the cause of action in the proceeding where the plea is interposed is the same as that before the court in the proceeding the judgment in which is depended upon as a bar. When this is so, and when the parties are the same, the former judgment is conclusive and is an absolute bar to the reopening of not only the questions which were actually litigated and decided in the former proceeding, but of all questions between the parties which could have been litigated and decided in the former case. But where the causes of action are not the same, the parties being identical or in privity, the bar extends to only those matters which were actually litigated in the former proceeding, as distinguished from those matters that might or could have been litigated therein, and arises by way of estoppel rather than by way of strict *res adjudicata*. See *Cromwell* v. *County of Sac,* 94 U. S. 351, 24 L. Ed. 195; 15 R. C. L. 962, section 438, cited with approval in *Rigg, Admr.* v. *Canterbury,* 116 W. Va. 303, 180 S. E. 182." *In Re: United Carbon Company*

*Assessment,* 118 W. Va. 348, 349-50, 190 S. E. 546, 547. To the same effect, see 50 C. J. S., Judgments, Section 593b, page 13, and Section 687, page 143. This Court, as will be noted from cases cited below, has consistently observed the difference of applicable legal principles, as stated in the language quoted immediately above; but the Court has generally applied the two sets of legal principles under the single term of *res judicata,* without observing the technical difference in terminology. This Court, in this respect, may have been guilty of mere terminological inexactitude, while all the time being consistent in the definition and application of proper legal principles to the varying factual situations.

Legal principles relating to the *res judicata* doctrine are stated in the first and second points of the syllabus of *Hudson* v. *Iguano Land & Mining Co.,* 71 W. Va. 402, 76 S. E. 797, as follows:

> "When the cause of action in a second suit is the same as that in a former one and the parties are identical, both are concluded by the judgment or decree in the former suit, not only as to what was actually decided therein, but likewise as to everything the plaintiff could have adduced in support of his claim and as to everything the defendant could have relied upon in defense. The cause of action is merged in the judgment or decree.

> "When the causes of action are different, the former decision is conclusive only as to questions, rights and facts actually decided therein, and nothing more."

The same legal principles are summarized in 30A Am. Jur., Judgments, Section 373, page 418, as follows: "The rule granting conclusiveness to a judgment in regard to issues of fact which could properly have been determined in the action is generally limited to cases involving the same cause of action. Where a second action is upon a different claim, demand, or cause of action, the established rule is that the judgment in the first action operates as an estoppel only as to the points or questions actually litigated and determined, and not as to matters not litigated in the former

action, even though such matters might properly have been determined therein. Accordingly, the view is generally taken that before the doctrine of res judicata is applied in such cases, it should appear that the precise question involved in the subsequent action was determined in the former action. These rules prevail whether the judgment is used in pleading as a technical estoppel, or is relied on by way of evidence as conclusive per se." To the same effect, see *Robinson Improvement Company* v. *Tasa Coal Company,* 143 W. Va. 293, pt. 2 syl., 101 S. E. 2d 67; *Pridemore et al.* v. *Lucas et al.,* 131 W. Va. 1, pt. 1 syl., 47 S. E. 2d 839; *In Re: United Carbon Company Assessment,* 118 W. Va. 348, 349-50, 190 S. E. 546, 547; *Rigg* v. *Canterbury,* 116 W. Va. 303, 305, 180 S. E. 182, 183; *Zirkle* v. *Moore, Keppel & Co.,* 110 W. Va. 535, 158 S. E. 785; *Perdue et al.* v. *Ward et al.,* 88 W. Va. 371, 106 S. E. 874; *Alderson* v. *Horse Creek Coal Land Co. et al.,* 81 W. Va. 411, pt. 1 syl., 94 S. E. 716; *Central Banking & Security Co. et al.* v. *United States Fidelity & Guaranty Co. et al.,* 73 W. Va. 197, pt. 5 syl., 80 S. E. 121; *Pomeroy National Bank* v. *Huntington National Bank,* 72 W. Va. 534, pt. 2 syl., 79 S. E. 662; *Biern et al.* v. *Ray et al.,* 49 W. Va. 129, 38 S. E. 530; *Sayre's Admr.* v. *Harpold et al.,* 33 W. Va. 553, pt. 1 syl., 11 S. E. 16; *McCoy* v. *McCoy, Admr., etc.,* 29 W. Va. 794, 2 S. E. 809; *Corruthers et al.* v. *Sargent et al.,* 20 W. Va. 351, pt. 1 syl.; *Stores Building Corporation* v. *Conover et al.,* 204 Va. 457, 132 S. E. 2d 458; 50 C. J. S., Judgments, Section 593b, page 13, and Section 657, page 102. Where in both actions, the parties are the same or in privity, and the causes of action are the same, an adjudication in the former action by a court having jurisdiction of the parties and the subject matter is final and conclusive as to matters actually determined and also as to other matters which the parties, under the pleadings, might properly have litigated. *State ex rel. Queen* v. *Sawyers,* 148 W. Va. 130, 135, 133 S. E. 2d 257, 261; *Re: Settlement of Estate of McIntosh, Sr.,* 144 W. Va. 583, pt. 1 syl., 109 S. E. 2d 153; *In Re: Estate of Nicholas, Deceased,* 144 W. Va. 116, pt. 1 syl., 107 S. E. 2d 53, 82 A. L. R. 2d 868; *Alderson* v. *Horse Creek Coal Land Co. et al.,* 81 W. Va. 411, pt. 1 syl., 94 S. E. 716;

*Sayre's Admr.* v. *Harpold,* 33 W. Va. 553, pt. 1 syl., 11 S. E. 16. "More than one right of action may arise between the same persons, respecting one and the same thing or transaction." *Findley* v. *Coal & Coke Railway Co.,* 76 W. Va. 747, 751, 87 S. E. 198, 200.

We are of the opinion that the causes of action alleged in the two actions are entirely different; that the matters involved in the present case were not litigated and determined in the former action; and that, therefore, the trial court erred in sustaining the plea of *res judicata* and in dismissing the action at the cost of the plaintiffs.

For reasons stated in this opinion, the judgment of the Circuit Court of Lincoln County is reversed and the case is remanded to that court for a new trial, which is hereby awarded to the plaintiffs.

*Reversed and remanded.*