881 F.2d 1070
 1989-2 Trade Cases 68,681
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Alfred J. VINCENT, Plaintiff-Appellant,
v.
REYNOLDS MEMORIAL HOSPITAL, INC., Andrew W. Barger, M.D.,
Kenneth J. Allen, M.D., Norman E. Wood, D.O.,
Defendants-Appellees.
Alfred J. VINCENT, Karen Lee Whetzel, on behalf of herself
and a class of similarly situated individuals,
Plaintiffs-Appellants,
v.
REYNOLDS MEMORIAL HOSPITAL, INC., Andrew W. Barger, M.D.,
Kenneth J. Allen, M.D., Norman E. Wood, D.O.,
Jeremy C. McCamic, John T. Madden,
Jonathan Himmelhoch,
Defendants-Appellees.
Alfred J. VINCENT, Plaintiff-Appellant
v.
REYNOLDS MEMORIAL HOSPITAL, INC., Stanley E. Presier, Jeremy
C. McCamic, John T. Madden, Ronald B. Johnson,
Defendants-Appellees.
In re Alfred J. VINCENT, Petitioner.
In re Alfred J. VINCENT, Petitioner.
In re Alfred J. VINCENT, Petitioner.
 No. 88-1538.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 10, 1989.
Decided July 25, 1989.
Rehearing and Rehearing In Banc Denied Aug. 28, 1989.
 
 Alfred J. Vincent, appellant pro se.
 John T. Madden (Madden & Whorton, LC), Jeremy C. McCamic (McCamic & McCamic), Michael J. Farrell (Jenkins, Fenstermaker, Krieger, Kayes & Farrell), Landers P. Bonenberger (McDermott, Bonenberger & Stimmel) for appellees.
 Before WIDENER, K.K. HALL, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Dr. Alfred J. Vincent, a citizen of New Zealand, appeals from the judgment of the district court dismissing his three consolidated actions alleging violations of his civil rights under 42 U.S.C. Secs. 1981 and 1983, breach of contract, tortious interference with contract, violations of federal antitrust laws under 15 U.S.C. Secs. 1, 2, 15, 26 and 28, conspiracy, and unjust enrichment, all arising out of his protracted conflict with Reynolds Memorial Hospital (Reynolds) and those associated with it over his entitlement to physician's privileges at that hospital. Karen Whetzel, a patient of Vincent's, appeals from the district court's dismissal of her antitrust claims, brought on behalf of herself and all similarly situated patients. For the reasons discussed below, we affirm in part and vacate and remand in part the judgment of the district court.
 
 
 2
 The facts relevant to this litigation may be fairly summarized as follows.
 
 
 3
 In 1969, Vincent came to work at Reynolds. In 1975, following a series of allegedly biased and procedurally deficient hearings, a hospital committee investigating charges brought against Vincent recommended that he be suspended from the hospital. In response, Vincent filed suit C/A No. 75-0023-W(K) in the West Virginia federal district court. That court issued an injunction preventing Reynolds from taking further action on the proposed suspension during the pendency of the case and, accordingly, Vincent continued to practice at Reynolds.
 
 
 4
 In 1977, the hospital's Board of Directors, following another series of allegedly invalid hearings, upheld a decision to deny Vincent reappointment to the medical staff.
 
 
 5
 In November of 1977, Reynolds and Vincent, who was represented at the time by defendant Stanley Preiser, negotiated a settlement of Vincent's federal case. The settlement agreement provided that Reynolds would pay Vincent $180,000 and that, in exchange, Vincent would cease practicing medicine in the area. On the basis of this agreement, the district court dismissed Vincent's case without prejudice.
 
 
 6
 Shortly thereafter Vincent resumed practicing medicine in the area. Reynolds then filed action No. 79-C-194N in state court seeking an injunction to enforce the agreement which prevented Vincent from practicing. Vincent in turn filed action No. 79-C-338-N in state court which alleged that the agreement was an illegal restraint on trade and which sought an injunction requiring Reynolds to reinstate his privileges. The two cases were consolidated. By order issued July 30, 1980, the state court held that the settlement agreement was void as against public policy, and, consequently, ordered Reynolds to consider Vincent's application for staff privileges and awarded Reynolds a judgment against Vincent in the sum of $180,000.
 
 
 7
 Vincent then applied for staff privileges. After yet another series of hearings (which Vincent again contends were biased and inadequate), the hospital denied his application on July 30, 1981.
 
 
 8
 While his application for privileges was pending, Vincent had filed various motions in the state case which had seemingly been disposed of by the July 30, 1980 order. On March 2, 1982, the state court issued its "Findings of Fact, Conclusions of Law, [and] Opinion of Court." This opinion adopted the findings and judgment contained in the July 30, 1980 order, made certain additional findings regarding the adequacy of Reynolds' application procedures, denied Vincent's prayer for a mandatory injunction requiring Reynolds to grant him privileges, denied Vincent's motion to vacate and motion for a new trial, and dismissed on the merits both No. 79-C-194N (Reynolds' action) and No. 79-C-338N (Vincent's action).
 
 
 9
 Meanwhile, Vincent was also busy in the federal courts. Following the 1980 state court order invalidating the settlement agreement, Vincent moved the district court to vacate its 1977 order dismissing C/A No. 75-0023-W(K). Initially, the court declined to vacate its dismissal order. However, following instructions from this Court, the district court reopened the case.
 
 
 10
 Ultimately, this case was consolidated with two other cases Vincent had filed: C/A No. 81-0062-W(K) (filed Oct. 14, 1981) and C/A No. 84-0069-W(K) (filed June 12, 1984). The defendants then filed motions to dismiss on the grounds of res judicata, collateral estoppel, and the statute of limitations. After a hearing, the district court granted the defendants' motions to dismiss in an opinion which adopted with little alteration the defendants' proposed findings of fact and conclusions of law. The court subsequently denied Vincent's motion for reconsideration. Each of Vicent's claims is discussed in turn below.
 
 C/A No. 75-0023-W(K) (Appeal No. 88-1538)
 
 11
 Counts I and II --Violation of Civil Rights under Secs. 1981 and 1983 and Conspiracy to Violate Civil Rights.
 
 
 12
 In these claims, Vincent contends that the procedures used by the hospital and the actions taken by the defendants in imposing the 1975 proposed suspension, the 1977 denial of staff reappointment, and the 1981 denial of privileges violated his constitutional right to substantive and procedural due process. The district court seems to have dismissed these claims on the basis of res judicata apparently on the reasoning that Vincent could have brought these claims in his 1979 state action. For reasons discussed more fully in the next section, we do not believe that res judicata was a proper ground for dismissal.[1] However, it does appear that Vincent may have failed to state a claim under Sec. 1983.
 
 
 13
 One of the prerequisites for Sec. 1983 jurisdiction is that the defendants act under "color of state law." Lugar v. Edmonson Oil Co., 457 U.S. 922 (1982). In this case, it does not appear from the record before the Court that Vincent has established that the defendants are state actors. There is no indication that Reynolds is a state hospital and though Vincent does allege that the hospital has received federal funds including Hill-Burton funds, this Court has held that participation in the Medicaid, Medicare, and Hill-Burton programs is insufficient to transform an otherwise private hospital into a state actor for the purposes of Sec. 1983. Modaber v. Culpeper Memorial Hospital, Inc., 674 F.2d 1023 (4th Cir.1982). Since this issue was not addressed by the parties, Vincent's Sec. 1983 claims will be remanded so that the district court may consider whether state action is present.
 
 
 14
 In addition, Vincent has failed to state a claim under Sec. 1981 because he has not alleged he was discriminated against on the basis of race. See Springer v. Seamen, 821 F.2d 871 (1st Cir.1987).
 
 
 15
 Counts III and IV--Breach of Contract and Tortious Interference with Contract.
 
 
 16
 In these claims, Vincent contends that Reynolds failed to follow the procedures mandated by its by-laws during the proceedings concerning the 1975 proposed suspension, the 1977 denial of reappointment, and the 1981 denial of privileges. The district court dismissed these claims on the basis of res judicata apparently because it was of the opinion that Vincent brought or could have brought these claims in his state court action.
 
 
 17
 Having carefully read Vincent's state court complaint and the state court opinions, we believe that the only claim raised in the state court was Vincent's contention that the 1977 settlement agreement was void as an illegal restraint on trade. It does not appear that the breach of contract claims were squarely raised or decided in the state case.
 
 
 18
 It is true, however, that res judicata also operates to bar those claims which could have been raised in the first action but were not. However, under West Virginia law, claims not actually brought in the first action are subject to the res judicata bar only if they arise from the same cause of action as the claims actually litigated. Lane v. Williams, 150 W.Va 96, 144 S.E.2d 234, 236 (1965); Mellon-Stuart Co. v. Hall, 359 S.E.2d 124, 132 (W.Va.1987).
 
 
 19
 In this case, we believe that Vincent's breach of contract claims constitute a different cause of action than his antitrust claims involving the settlement agreement. Though there is a certain, though by no means complete, identity of parties and relief sought in both cases, the facts, events, and alleged wrongs which comprise each set of claims are completely unrelated except that all arose against the panoramic backdrop of the thirteen years of controversy between Vincent and Reynolds. Thus, while the state court judgment might have some collateral estoppel effect as to issues actually litigated in that action, it may not be used to completely bar consideration of Vincent's breach of contract claims which were not actually raised in the state case and which arose from a separate cause of action from the claims which were raised. Accordingly, these claims will be remanded for further consideration.
 
 C/A No. 81-0062-W(K) (Appeal No. 88-1539)
 
 20
 Counts I and II--Conspiracy to Restrain Trade and Conspiracy to Monopolize.
 
 
 21
 In these claims, Vincent and Whetzel allege that the defendants have engaged in a continuing conspiracy beginning in 1969 and continuing to the present day to damage Vincent's trade and eliminate him as a source of competition in violation of federal antitrust laws.
 
 
 22
 There is a four-year statute of limitations for violations of the Sherman Act. 15 U.S.C. Sec. 15(b). Vincent and Whetzel filed this suit on October 15, 1981. Therefore, they may not recover for any damages which accrued before October 15, 1977. Zenith Radio Corporation v. Hazeltine Research, Inc., 401 U.S. 321, 338 (1971). The Supreme Court has held, however, that a continuing antitrust conspiracy constitutes a continuing violation of the Sherman Act. United States v. Kissel, 218 U.S. 601, 607-08 (1910). Therefore, since Vincent and Whetzel allege that the conspiracy continues to the present, there is no statute of limitations problem for acts occurring or damages accrued after 1977.
 
 
 23
 Regarding the acts which occurred after 1977, the Supreme Court held in Zenith Radio that each act of a defendant which injures a plaintiff during the course of a conspiracy to violate the antitrust laws constitutes a separate cause of action for which the plaintiff may recover damages. 401 U.S. at 338; see also Lancianese v. Bank of Mount Hope, 783 F.2d 467 (4th Cir.1986).
 
 
 24
 One of the acts complained of by Vincent is that the defendants negotiated and sought to enforce the settlement agreement even though they knew it was an illegal restraint on trade. This, however, is the same claim which he raised in his state court complaint. Vincent is therefore barred by the doctrine of res judicata from relitigating this claim in federal court. See Nash County Bd. of Educ. v. Biltmore Co., 640 F.2d 484 (4th Cir.1981).
 
 
 25
 The remainder of the acts which Vincent and Whetzel allege were in furtherance of the antitrust conspiracy are not barred by res judicata or collateral estoppel. First, under the Zenith Radio analysis, each of the acts constitutes a separate cause of action and thus, is not barred by res judicata even if it could have been brought in the state suit. More importantly, each of the other acts complained of in the federal complaint occurred after the state court action commenced and thus could not have been raised in Vincent's state complaint. The state court's ruling on one act relating to the conspiracy does not bar consideration of other claims relating to the same conspiracy which arose subsequent to the state litigation. Lawler v. National Screen Service Corp., 349 U.S. 322 (1955). Accordingly, Vincent's claims arising out of the alleged antitrust conspiracy, except Vincent's claim involving the settlement agreement, will be remanded for further consideration.
 
 C/A No. 84-0069-W(K) (Appeal No. 88-1540)
 Count I --Unjust Enrichment
 
 26
 In this claim, Vincent alleges that his former attorneys, defendants Preiser and Johnson, received $50,000 in contingent legal fees for negotiating the settlement agreement in which Reynolds agreed to pay Vincent $180,000 and that they wrongfully and fraudulently refused to return these fees to Vincent after the settlement agreement was voided by the state court in 1980. This tort-based claim is governed by the two-year statute of limitations set out at W.Va.Code Sec. 55-2-12. The latest this cause of action could have arisen was the summer of 1980 after the agreement was voided and the lawyers refused to return their fee when Vincent demanded they do so. Since Vincent did not file this suit until June 12, 1984, approximately four years later, this claim was properly dismissed on the basis of the statute of limitations.
 
 Mandamus Petitions
 
 27
 Vincent has filed three petitions for a writ of mandamus in this Court. In two petitions, Nos. 88-1775 and 88-1776, Vincent seeks a writ ordering Judge Maxwell and Judge Kidd to disqualify themselves from presiding over any of Vincent's cases on the ground that they are biased against him. Because Vincent failed to show that this alleged bias derived from an extra-judicial source, we deny these petitions. In re Beard, 811 F.2d 818 (4th Cir.1987).
 
 
 28
 In his remaining petition, No. 88-1769, Vincent seeks a writ requiring the district court to issue an order vacating its 1977 dismissal of C/A No. 75-0023-W(K). Since it is apparent that the district court reopened this case in accordance with this Court's instructions, the writ sought by Vincent is superfluous and is denied.
 
 Summary
 
 29
 In sum, we affirm the dismissal of Vincent's Sec. 1981 claims on the ground that he failed to allege racial animus. We also affirm the dismissal of Vincent's unjust enrichment claims against his lawyers. However, since we do not believe that his breach of contract claims are barred by res judicata, we remand these claims for further consideration. Similarly, except for the pre-1977 claims barred by the statute of limitations and the settlement agreement claim barred by res judicata, we remand the federal antitrust conspiracy claims for further consideration. Finally, we remand Vincent's Sec. 1983 claims for consideration of the state action issue. Vincent's mandamus petitions are denied, as are his motion to disqualify Judge Kidd and the motion to dismiss filed by appellees Preiser and Johnson. This appeal having been decided, Vincent's motion for interim injunctive relief is denied without prejudice to renewal of such a motion in the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 Nos. 88-1538, 88-1539, 88-1540:
 
 30
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED
 
 Nos. 88-1769, 88-1775, 88-1776:
 DENIED
 
 
 [1]
 As stated infra with regard to Vincent's breach of contract claims, review of the state cases indicates that the only issue raised in state court was the validity of the settlement agreement. Because Vincent's due process claims do not arise from the same cause of action as his claim that the settlement agreement should be declared void, those claims are not barred by res judicata