LEVENSON (SPIELBERGER et al., Intervenors) v. LITTLE et al.

United States District Court
S. D. New York. Civil Division.

Jan. 5, 1949.

514

Bijur & Herts, of New York City, for plaintiffs.

Otterbourg, Steindler, Houston & Rosen, of New York City (Charles A. Houston and Fredric P. Houston, both of New York

City, of counsel), for defendant American Associates, Inc.

Spence, Hotchkiss, Parker & Duryee, of New York City (James H. Halpin, of New York City, of counsel), for defendant Textron, Inc.

RYAN, District Judge.

Defendants, American Associates, Inc. (hereafter, American) and Textron, Incorporated (hereafter, Textron), join in moving under 28 U.S.C.A. § 1404(a) for an order transferring this action to the United States District Court for the District of Rhode Island.

The provisions of § 1404(a) of revised Title 28 must "be applied to the present case. For that subsection is remedial and purely procedural in character. As such it is to be applied to actions pending when it took effect * * *." Schoen v. Mountain Producers Corporation et al., 3 Cir., 170 F.2d 707, 714. The rules for the application of the doctrine of forum non conveniens laid down by the Supreme Court in Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055, and Koster v. Lumbermen's Mutual Casualty Co., 1947, 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067, must still be applied. Schoen v. Mountain Producers Corporation et al., supra. "The new subsection requires the court to determine that the transfer is necessary for convenience of the parties and witnesses, and further, that it is in the interest of justice to do so." Reviser's Notes to Sec. 1404(a).

Plaintiff, Eva R. Levenson, a resident of Massachusetts, is a common stockholder of defendant Textron. She filed this derivative action on October 9, 1947, naming as defendants, Textron (as nominal defendant), American, and Royal Little (an individual). All defendants were served within this district; Textron on October 9, 1947 and American and Little on October 22, 1947.

This action was dismissed as to Little for improper venue, D.C., 75 F.Supp. 575, as was plaintiff's appeal from the dismissal, as premature. The action continues now only as to defendants Textron and Ameri-

can. The time for these defendants to answer was extended by stipulation and issue finally joined as to them by the service of their answers on November 22, 1948.

The intervening plaintiff, Lillian Spielberger, intervened in the Levenson action on October 24, 1947, and in addition, on January 26, 1948, filed another separate derivative action in this court. The summons and complaint in this derivative suit, which was also brought on behalf of Textron, named only Royal Little and Textron as defendants. Little was never served with process; an attempt at service on Textron was made, and the complaint was later dismissed on March 18, 1948, by the court on the ground that it lacked jurisdiction of Textron; an appeal from that dismissal is still pending in the Court of Appeals. The result is that with the dismissal as to Textron and the failure to serve Little, the separate Spielberger suit may be disregarded on this motion.

But the Levenson and Spielberger actions are not the only derivative suits pending against Textron as nominal defendant. Another Textron stockholder, Lillian Berger, on January 30, 1946, brought a derivative suit in the Supreme Court of this state, New York County, and named as parties defendant Textron and American, their officers and directors, as well as a number of other corporations and individuals. Berger, it is said because of her unwillingness to give the bond and security required by Section 61-b of the General Corporation Law of New York, Consol.Laws, c. 23, is not pressing this suit in the New York Supreme Court. (It may be observed that plaintiff Levenson, after instituting the instant suit, made application to intervene as additional party plaintiff in the Berger suit in the Supreme Court; permission to intervene was denied unless Levenson should stipulate to discontinue the instant action, and this she refused to do.)

The stockholder Berger, with her suit still pending and untried in the New York Supreme Court, did in November, 1948 file another derivative action, also on behalf of Textron, in the District Court of Rhode Island. In this later suit, Textron, American, their officers and directors, Little and other corporations and individuals are named as defendants, upon claims substantially similar to those set forth in the Supreme Court suit and in the complaint herein.

Still another derivative action was begun in the Rhode Island District Court, on November 20, 1948, by one Benjamin Moseyeff against Textron, American, officers and directors, Little and other corporations and individuals. The complaint in the Moseyeff action is substantially the same as all the others; in all the defendants are alleged to have knowingly and wrongfully participated in or assisted, to their profit or the profit of others, in a series of dealings to the ultimate detriment of Textron.

With this historical background of the various pending derivative actions, we consider the merits of the present application to transfer the Levenson action to the District Court of Rhode Island.

Textron is a Delaware corporation; it has its principal place of business in Providence, R. I. It did, for a number of years, transact business in New York City, but it is alleged that the business taking place here was confined to its textile export division. It maintained large and elaborate offices in its own premises—The Textron Building, at No. 401 Fifth Avenue, New York City—and its president and officers frequently operated and functioned from this office. Textron was licensed and authorized to do business in this state by virtue of its compliance with Article 13 of the General Corporation Law of New York. A certificate of authority to do business in New York was issued to it by the New York Secretary of State on June 30, 1944. It did not surrender that certificate until January 9, 1948, four months after the filing of this action. Textron stocks have been for many years, listed and traded in on the New York exchanges— first on the New York Curb Exchange and more recently on the Stock Exchange. The Chemical Bank and Trust Company of New York is the transfer agent and the Chase National Bank the registrar of Textron stock. Plaintiff submits a letter showing that as late as March 21, 1947 the office of Textron's treasurer was in the Textron building within this district.

It is urged that, several months prior to the ·commencement of this action, Textron began moving its offices, books and records from the New York office to Providence, R. I.; that although its certificate to do business in New York was not surrendered until January 9, 1948, this was but the culmination ·and final consummation of what had been in process for some time. It does appear, however, that the New York office was not entirely closed: a wholly-owned subsidiary called Textron, Inc., was created and this new corporation took over some of the business formerly carried on by Textron, and still functions from offices in the New York Textron Building.· Four of Textron's officers reside in New York— a vice-president, assistant secretary, assistant treasurer and ·controller, and they still function from the offices in the Textron Building.

American was incorporated in the State of Delaware in 1929; its principal place of business has been in Providence, R. I. (apparently in the same offices as Textron), since 1935. Its books and records are said to be in Providence. American admits that it did conduct the textile export division of its business in̂ New York City from August, 1943 to October 20, 1946. It appears, however, that its certificate and license to transact business in New York was not surrendered until April 9, 1948. American states that its New York City office was but a sales office and that its books and rec- ·ords were in Providence where all financial transactions were cleared.

Royal Little, the individual named as a defendant, against whom the complaint was dismissed, is a resident of Narragansett,. R. I. He was president of Textron and is chairman of the Board of Textron, Inc., and was president of American at the time this suit was commenced. Little is alleged in the ·complaint to be the principal wrong-doer. The complaint states that the acts and omissions of Textron contained in the complaint were caused by defendant Little and that in and before 1937 defendant Little conceived a plan for enriching himself and the other directors and officers of Textron by diverting Textron's funds to their personal advantage; that Little, as trustee of a personal family trust, owns ·a substantial

majority of the capital stock of American Associates, Inc., and dominates and controls the management of that ·corporation, and that the acts and omissions complained of were caused by Little; and that the Board of Directors of Textron is dominated and controlled by Little.

It is alleged that Little owns or controls approximately 70% of the stock of defendant American.

But, Little is no longer a defendant in this action; it has been ·held that this court has no jurisdiction over him. He is, however, subject to the jurisdiction of the District Court of Rhode Island and is a defendant in the two derivative actions now pending in that court.

Neither Little, the ·corporations alleged to be involved (excepting American), the officers, directors, nor the others (numbering twenty-three separate individuals and two corporations) who are named in the actions pending in Rhode Island are defendants in the present action; relief cannot be granted as to them, nor· may they here be called to account for their alleged wrongdoing.

The complaint as originally filed in this action contained thirteen separate and distinct claims of alleged wrongdoing; eight of these were stricken out when it was determined that this court had no jurisdiction over Little; five of the thirteen claims alone remain for trial. The result is that the trial of this action will finally dispose of the claims asserted against only one of the alleged wrongdoers—American—and only a part of the wrongful dealings and transactions will be reviewed. The complaint as it now stands alleges illegal manipulations in connection with the purchase and sale of the assets of mills located in Massachusetts, Rhode Island and New Hampshire, and wrongdoing in the operation and conduct of their business.

■ This motion to transfer is made after the action has been pending for more than a year. While this delay should not in itself defeat the motion, if it is found to be otherwise well-grounded, it is a factor which the court should consider. Delay in seeking relief of this nature does invariably work detriment to the plaintiff.

Proper preparation for trials of derivative actions requires considerable work; documents, minutes and records must be examined; witnesses interviewed; many depositions taken, and legal questions examined and briefed. Should the action be transferred new counsel for plaintiff may have to take over, and if present counsel continues it will result in personal inconvenience to him. While, of course, personal inconvenience of counsel is not alone to be considered, it is clear that substitution of counsel at this time would be of no benefit to plaintiff or to an early and fair presentation of her claim on trial.

The transfer of this action is not indicated for the convenience of the parties. Both Textron and American were sufficiently present within this district to hold the trial here; they did business in New York, had offices and officers and many books and records here. The fact that since the transactions of which complaint is made, they have moved some of their activities to Rhode Island does not seem sufficient ground to warrant the transfer sought.

Nor is the situation, insofar as it concerns the convenience of witnesses, much different from that present in many similar applications. Some witnesses will of necessity be inconvenienced—some come from New York, some from Rhode Island and some from towns and cities throughout Massachusetts and New Hampshire where the mills are located. The number, importance and convenience of Rhode Island witnesses is not so great when compared with the number, importance and convenience of witnesses from the other states as to dictate a transfer—in the interest of justice—from this forum.

We are, however, concerned with the interests of the stockholders of the alleged wronged corporation. The complaint here and in the other suits charges personal wrongdoing by officers and directors; the allegations are typical. Suits of this nature frequently impede the normal functioning of the corporate business affairs; they often impair the financial credit of the corporation; they tend to undermine faith in the corporate management and the confidence of the investing public, and are at times a serious source of worry to those who have their funds invested in the publicly traded stocks of the corporation.

Public interest as well as that of justice dictates that derivative stockholders' actions be tried and determined as quickly as possible. It appears that the suits involving Textron and American have been pending in various courts for well nigh three years. It is time that one of them came to trial and that proof be presented to the court to substantiate the serious claims asserted, or that the complaints be dismissed. The instant action seems to afford the best opportunity for an early trial, if it is retained in this district.

It is true that defendants state that the trial of the suits pending in the District Court of Rhode Island may be had in April, 1949. This may be so, though neither probable nor likely. Those actions are not yet at issue; we may well count on motions of various kinds and the taking of further depositions to delay these trials for many, many months. Should plaintiff Berger show the same diligence she exhibited in the prosecution of her suit in the New York Supreme Court a year or more may elapse before trial.

Of course, it would be preferable to have all the claims asserted against all possible defendants brought on for trial at one time. This observation comes with poor grace, however, from Textron and American, both of whom it is alleged Little dominates and controls. Little has made the trial of all thirteen claims here impossible as to him. The eight claims which have been stricken from the complaint in this action are distinct and separate from the remaining five. The trial of this action will not jeopardize the further assertion of those eight claims in another forum or in a separate trial, nor will such a separate trial work to the prejudice of either Textron, American or the other complaining stockholders.

Motion is denied.