**ADLER v. McKEE.**

United States District Court
S. D. New York.

July 14, 1950.

---

Alfonse F. Spiegel, New York City, for plaintiff.

Burlingham, Veeder, Clark & Hupper, New York City, for defendant.

NOONAN, District Judge.

Defendant has moved this court for a change of venue pursuant to Sec. 1404(a). of Title 28 U.S.C.A. so as to transfer this action to the Eastern District of Louisiana.

This action was commenced in July 1946 in the State Court and was removed to this court by the defendant in December 1946. The action was tried in January 1950, and after a five day trial, two questions were submitted to the jury. One was resolved in favor of the plaintiff, and the jury disagreed as to the other. The verdict was set aside and a new trial granted.

In making this motion, defendant relies primarily on the convenience and availability of witnesses. In his affidavit, defendant asserts that he contemplates calling six witnesses, all of whom live in Louisiana, Alabama, Tennessee or Texas. Further, that plaintiff is the only witness living near or in this district. The six witnesses were allegedly present with the defendant, in a hotel room, when he had a telephone conversation with the plaintiff, and will testify concerning this.

 In opposing this motion, plaintiff contends that the motion should be denied for reasons of laches. It does not appear that the passage of time itself is sufficient grounds for a denial of the relief sought, although delay invariably does work some detriment. Levenson v. Little, D.C., 81 F.Supp. 513. Rather, the failure to act promptly has been a determinant where, through such delay, a transfer of the action would be prejudicial to a party, or clearly not in the interests of justice. Cf. Nagle v. Pennsylvania R. R. Co., D.C., 89 F.Supp. 822; Brainard v. Atchison, T. & S. F. Ry. Co., D.C., 81 F.Supp. 211. I do not believe that this element is controlling here, but it is a factor to be considered.

 However, plaintiff's choice of a forum should not be disturbed unless the "balance" of convenience is strongly in favor of defendant. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055.

 The remedy sought here was long available to defendant. Nevertheless defendant deferred seeking this relief during various intermediate proceedings, and prior to the first trial of the action. Now, as the parties are apparently readying for a new trial of the issues (it does not appear when the case will be reached), defendant has moved for a transfer.

Defendant has not made such a showing here, considering all the factors, that, in the opinion of this court, would warrant the requested exercise of its discretion.

This motion is denied.