**In the Matter of William P. D'ANDREA, III, Debtor.**

**BANKERS LIFE AND CASUALTY COMPANY, a corporation, Plaintiff,**

**v.**

**William P. D'ANDREA, III, Defendant.**

**Bankruptcy No. BK–LV 80–541. Adv. No. 80–0122.**

United States Bankruptcy Court, D. Nevada.

Dec. 12, 1980.

Jerry T. McGimsey, Las Vegas, Nev., for debtor/defendant.

Floyd A. Hale of Edwards, Hunt, Pearson & Hale, Ltd., Las Vegas, Nev., for plaintiff.

## MEMORANDUM OPINION

LLOYD D. GEORGE, Bankruptcy Judge.

The Court now has before it a document which a) requests that the automatic stay attendant to this proceeding be lifted or, in the alternative, b) moves that a pending adversary proceeding to determine the dischargeability of the obligation allegedly owed the Plaintiff by the Defendant be transferred to the Bankruptcy Court for the District of Ohio.[1] The latter motion is made pursuant to 28 U.S.C. § 1475 and Rule 782 of the Federal Rules of Bankruptcy Procedure. The Court finds no ground under which the automatic stay may be lifted and insufficient grounds to warrant a transfer of this case to the Ohio bankruptcy court. Both the above request and motion will therefore be denied.

### I. BACKGROUND

On August 22, 1980, the Plaintiff filed in this Court a Complaint to Determine Dischargeability of Debt, alleging therein that the Debtor/Defendant had acquired by fraud and/or defalcation money owed the Plaintiff as insurance premiums. See 11 U.S.C. § 523(a)(4) (1978). A trial was set on this matter for September 30, 1980, at 2:00 p. m. On September 29, 1980, counsel for the Plaintiff sought a new trial date. The date appointed for trial was December 9, 1980, at 8:30 a. m. On November 19, 1980, the present document was filed.

### II. ANALYSIS OF THE FACTS AND THE LAW

■ The Court sees no reason why the automatic stay in this case should be raised.

This is a personal action against the Debtor resulting from alleged pre-petition conduct. It would be discharged in these proceedings absent a finding of nondischargeability under 11 U.S.C. § 523 or 11 U.S.C. § 727. The grounds for denial of discharge which have been raised by the Plaintiff must be heard by the bankruptcy court assigned to entertain such a proceeding. They cannot be determined by the state court which might be chosen by the Plaintiff to hear the merits of its action for damages. See 11 U.S.C. § 523(c) (1978). The Court therefore finds no compelling reason in logic or in law, and certainly none under 11 U.S.C. § 362, why it should delay its ruling on the dischargeability of this matter until after an action is entertained elsewhere on the validity of the Plaintiff's general claims.

Hence, the Court must only determine whether this bankruptcy tribunal, or that located in Ohio, should entertain venue on this matter. In this regard, 28 U.S.C. § 1475 provides:

"A bankruptcy court may transfer a case under title 11 or a proceeding arising under or related to such a case to a bankruptcy court for another district, in the interest of justice and for the convenience of the parties."

This language is very similar to that found in 28 U.S.C. § 1404(a), which deals with the discretionary transfer of civil actions from one federal district court to another.[2] Thus, although the two statutes affect different courts in distinct situations, case law arising from one may be persuasive in the context of the other.[3]

---

1. In fact, there is no District of Ohio. Rather, that state has two United States District Courts, with their bankruptcy adjuncts, one for the Northern District and the other for the Southern District of Ohio.

2. 28 U.S.C. § 1404(a) provides:

    "(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

3. Plaintiff's counsel further refers to Rule 782 of the Federal Rules of Bankruptcy Procedure. This rule allows as follows:

    "Upon notice and hearing afforded the parties, any adversary proceeding may, in the interest of justice and for the convenience of the parties, be transferred by the court to any other district and shall thereafter continue as if originally filed in such district. An adversary proceeding transferred under this rule shall be referred to a referee by the clerk of the court to which it has been transferred." Given the similar wording and intent of this rule and of 28 U.S.C. § 1475, it is apparent that

In weighing the relative convenience of both parties in having this matter heard in Nevada or in Ohio, the Court finds that a) a large majority of the witnesses to be produced by the Plaintiff reside in Ohio, b) if the suit were to be heard in Nevada, there is some chance that the Plaintiff would not find it to be to its economic benefit to pursue the matter further, but also that c) if the matter were to be transferred to Ohio, the Debtor/Defendant would be completely without funds to defend his suit in that state. A default by Mr. D'Andrea would be the most probable result of such a transfer.

Added to the financial difficulties just noted is the fact that the Plaintiff has delayed until near the final date of trial on this matter to request this transfer. In so doing, counsel claims that he did not realize the grievous burden which would result without this transfer until discovery had been nearly completed. The Court finds no support for this allegation. Certainly, the Court does not feel that counsel "went on a fishing trip" in filing his present complaint. He must have had some inkling at the time of that filing as to what state of facts would support the Plaintiff's claims. Given that the actions alleged in the Plaintiff's complaint apparently occurred in Ohio, counsel should have assumed that the large majority of the witnesses needed to be called would be residents of that state. The Court therefore finds that the delay of the Plaintiff in requesting this transfer was unnecessary and, further, that it was prejudicial to the Debtor/Defendant who has operated under the assumption that this case will be heard in this Court. *See Poncy v. Johnson & Johnson*, 414 F.Supp. 551 (S.D. Fla.1976); *Pesin v. Goldman, Sachs & Co.*, 397 F.Supp. 392 (S.D.N.Y.1975); *Adler v. McKee*, 92 F.Supp. 613 (S.D.N.Y.1950) (holding that although it is not, in itself, dispositive of the issue, the timeliness of a motion to transfer under 28 U.S.C. § 1404(a) is a factor to be considered in determining the relative convenience of the parties).

### III. CONCLUSION

No adequate grounds exist to lift the automatic stay which accompanied the filing of the above-named Debtor's petition. Furthermore, given the undue delay of the Plaintiff in requesting the transfer of this adversary proceeding, and the extreme prejudice to the Defendant which would result from such a transfer, the Plaintiff's motion in that regard will also be denied.

The Court will prepare and file its own order in conjunction with this Memorandum Opinion. This Memorandum Opinion shall serve, for all purposes and pursuant to Federal Bankruptcy Rule 752, as the Findings of Fact and Conclusions of Law of the Court in this matter.

---

the latter was at least a partial codification in statute of the former. To the extent that cases under Federal Bankruptcy Rule 782 deal with the concepts of "convenience of the parties" and the "interest of justice," they would also be relevant to motions to transfer under 28 U.S.C. § 1475.