407 S.E.2d 715

**Willetta Dawn CHRISTIAN, Plaintiff Below, Appellant,**

v.

**Rodney Lee SIZEMORE, Hester Sizemore, Federal Kemper Insurance Company, and John Doe, Defendants Below, Appellees.**

No. 19897.

Supreme Court of Appeals of West Virginia.

Submitted May 8, 1991.

Decided July 11, 1991.

Joseph A. Colosi, Welch, for appellant.

Mark E. Kinley, Charleston, for appellees Federal Kemper Ins. Co. and John Doe.

Kermit Moore, Bluefield, for appellee Rodney Sizemore.

WORKMAN, Justice:

This is an appeal by Willetta Dawn Christian from an August 24, 1990, final order of the Circuit Court of McDowell County granting summary judgment against her. The appellant contends that the lower court erred by relying upon principles of collateral estoppel to grant summary judgment and in granting summary judgment where genuine issues of material fact existed.

We agree that collateral estoppel was not appropriately employed in this case and reverse the decision of the Circuit Court of McDowell County.

### I.

On July 1, 1986, the appellant, Willetta Dawn Christian, was a passenger in an automobile driven by Rodney Sizemore, one of the appellees. Mr. Sizemore lost control of the vehicle he was operating, and the appellant was injured in the resulting accident. In December 1986, the appellant brought an action for damages in the Circuit Court of McDowell County against Rodney Sizemore and Hester Sizemore.[1] Federal Kemper Insurance Company (hereinafter referred to as Federal Kemper), the Sizemores' insurance carrier, subsequently disclaimed liability for coverage on the ground that the Sizemores' insurance policy had lapsed on March 16, 1986, due to nonpayment of premiums.

In July 1987, Federal Kemper filed a declaratory judgment action against the Sizemores and the appellant in the United States District Court for the Southern District of West Virginia to determine the issue of insurance coverage. Neither Rodney Sizemore nor Hester Sizemore responded to the complaint.[2] The appellant moved to dismiss Federal Kemper's action and, in January 1988, filed a motion in McDowell County Circuit Court to amend her complaint to add a count for declaratory judgment against Federal Kemper on the insurance coverage issue. The circuit court, by order dated June 13, 1988, denied the appellant leave to amend her complaint to incorporate the declaratory judgment count, and the appellant appealed that decision to this Court. We held that an injured plaintiff may bring a declaratory judgment action against the insurance carrier to determine whether there is policy coverage before obtaining a judgment against the defendant in a personal injury action where the

---

1. Hester Sizemore is Rodney Sizemore's mother and the named insured on a Federal Kemper Insurance Company automobile insurance policy.

2. The federal district court delayed final resolution of the declaratory judgment and default judgment actions pending a resolution of this matter in state court.

defendant insurer has denied coverage. Syl. Pt. 3, *Christian v. Sizemore,* 181 W.Va. 628, 383 S.E.2d 810 (1989).[3] Subsequent to that ruling, the appellant amended her complaint to include a declaratory judgment count against Federal Kemper.

In response, Federal Kemper answered and cross-claimed against the Sizemores as policyholders and co-defendants, asserting that the policy had lapsed prior to the date of the accident due to nonpayment of premiums. On May 17, 1990, an entry of default was ordered by the Circuit Court of McDowell County, stating the following: "It appearing that the Defendant, Hester Sizemore, individually and as Administratrix of the Estate of Abraham Sizemore, deceased, and Rodney Lee Sizemore, are in default for failure to plead to or otherwise defend Federal Kemper's Cross-claim against them as required by law." Although the appellant requested the lower court to hold the issue of default judgment in abeyance until trial of the declaratory judgment claim, the lower court refused and entered default judgment against Hester Sizemore.

On June 12, 1990, the lower court entered an order granting Federal Kemper declaratory judgment and stating that Federal Kemper

> is not required to defend, or to employ counsel to defend Hester Sizemore and/or Rodney Lee Sizemore, in the pending suit of Willetta Dawn Christian against them and said company is not required to assume any liability for the ownership of the involved automobile or for the acts of said Co–Defendants or either of them in regard to said accident ... for the reason that said automobile was not covered by the Federal Kemper

Insurance policy which is the subject matter of the Declaratory Judgment proceeding, the same having expired by reason of non-payment of premiums.

The June 12, 1990, order also stated "that the relief granted herein does not affect the ability of Willetta Dawn Christian to pursue her Declaratory Judgment action herein, nor her right to seek establishment of her claim against Federal Kemper Insurance Company on whatever grounds she deems proper under the pleadings."

Relying upon the default judgment against policyholder Hester Sizemore, Federal Kemper moved for summary judgment against the appellant and argued, among other things, that the appellant was barred by collateral estoppel from relitigating issues regarding policy coverage which had previously been determined by default judgment against Hester Sizemore. The lower court granted Federal Kemper's motion for summary judgment against the appellant by order dated August 24, 1990, stating that the appellant was precluded from relitigating the issue of insurance coverage, that issue having been determined by the June 12, 1990, order in Federal Kemper's declaratory judgment action. It is from that order granting summary judgment that the appellant now appeals.

## II.

The appellant, contending that she has an independent right as a passenger[4] to litigate the issue of coverage, asserts that the doctrine of collateral estoppel cannot be employed to defeat her right to proceed with litigation based upon a default judgment against the policyholder. Although this Court has never addressed the precise

---

**3.** In *Christian,* we explained that "there is an actual controversy between the insurance carrier and the injured plaintiff because of the very real possibility that the plaintiff will look to the insurer for payment." 181 W.Va. at 632, 383 S.E.2d at 814. Furthermore, we explained that "the use of declaratory judgment protects the plaintiff from an insured who has no independent assets and is not concerned about insurance coverage." *Id.*

**4.** The appellant has also characterized herself as a "third-party beneficiary" of the insurance poli-

cy in question. While the appellee has opposed such characterization, the appellee has also argued that even assuming that the appellant is a third-party beneficiary, her claim still fails because her rights can rise no higher than the rights of the purported insured, Hester Sizemore. We do not specifically resolve the issue of the characterization of the appellant because such issue is not dispositive of our decision in this matter. The appellant's status as a passenger in the automobile is sufficient to establish her right to question coverage.

issue of the collateral estoppel effect of a default judgment, we have dealt extensively with the doctrine of collateral estoppel and the proper manner of its application. *See Conley v. Spillers,* 171 W.Va. 584, 301 S.E.2d 216 (1983). In *Conley,* we discussed the distinctions between collateral estoppel and res judicata. Although the primary issue in the present case involves principles of collateral estoppel, it may be useful to re-examine the concepts, as they frequently are confusing. In *Conley,* we were asked to apply the doctrine of collateral estoppel in resolving a personal injury action in which one of the plaintiffs suffered extensive injuries in a gas explosion. 171 W.Va. at 586, 301 S.E.2d at 218. We recognized that we had previously "defined res judicata in somewhat varying, although not inconsistent, degrees of terminology." *Id.,* 171 W.Va. at 587, 301 S.E.2d at 219. We cited syllabus point 1 of *Pearson v. Dodd,* 159 W.Va. 254, 221 S.E.2d 171 (1975), *appeal dismissed,* 426 U.S. 946, 96 S.Ct. 3164, 49 L.Ed.2d 1182 (1977), *overruled in part on other grounds in Lilly v. Duke,* 180 W.Va. 228, 376 S.E.2d 122 (1980) with favor as follows:

" 'To justify the application of the doctrine of *res judicata,'* ... there must be a concurrence of four conditions, namely: "(1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons, and of parties to the action; (4) identity of the quality in the person for or against whom the claim is made." Opinion. '*Marguerite Coal Co. v. Meadow River Lumber Co.,* 98 W.Va. 698 [127 S.E. 644].' Syllabus, *Hannah v. Beasley,* 132 W.Va. 814, 53 S.E.2d 729 (1949)."

*Conley,* 171 W.Va. at 588, 301 S.E.2d at 219 n. 2.

We also quoted with approval a summary of the doctrine of res judicata set forth in syllabus point 1 of *Sayre's Adm'r. v. Harpold,* 33 W.Va. 553, 11 S.E. 16 (1890), as follows:

'An adjudication by a court having jurisdiction of the subject-matter and the parties is final and conclusive, not only as to the matters actually determined, but as to every other matter which the parties might have litigated as incident thereto and coming within the legitimate purview of the subject-matter of the action. It is not essential that the matter should have been formally put in issue in a former suit, but it is sufficient that the status of the suit was such that the parties might have had the matter disposed of on its merits. An erroneous ruling of the court will not prevent the matter from being *res judicata.*'

*Conley,* 171 W.Va. at 587–588, 301 S.E.2d at 219.

Collateral estoppel, conversely, is applicable to matters which have "actually been litigated in the earlier suit" even if it was on a separate cause of action. *Conley,* 171 W.Va. at 588, 301 S.E.2d at 220. The primary distinction between the doctrines of res judicata and collateral estoppel, as relevant to the present case, is the requirement in collateral estoppel that the issue in question was (1) decided on its merits, (2) actually litigated, and (3) that the entity against whom collateral estoppel is asserted had a prior opportunity to litigate his claim. Res judicata does not require the concurrence of those three elements; consequently, a default judgment may in certain circumstances preclude a second suit based upon the same cause of action under res judicata. That scenario, however, does not exist in the present case. Collateral estoppel is essentially a doctrine which precludes the relitigation of an issue, while res judicata precludes relitigation of the same cause of action. The instant case then obviously involves a collateral estoppel, rather than res judicata, and the key question is whether the default judgment taken by the insurer against the insurer would preclude the appellant from re-addressing the issue of coverage on its merits.

In syllabus point 2 of *Conley,* 171 W.Va. at 586, 301 S.E.2d at 217, we explained the following:

"Collateral estoppel is designed to foreclose relitigation of issues in a second suit which have actually been litigated in the earlier suit even though there may be a difference in the cause of action between the parties of the first and second suit. We have made this summary of the doctrine of collateral estoppel:

'But where the causes of action are not the same, the parties being identical or in privity, the bar extends to only those matters which were actually litigated in the former proceeding, as distinguished from those matters that might or could have been litigated therein, and arises by way of estoppel rather than by way of strict *res adjudicata.' Lane v. Williams*, 150 W.Va. 96, 100, 144 S.E.2d 234, 236 (1965)."

Furthermore, in syllabus point 3 of *Conley*, we stressed that "[t]he doctrine of collateral estoppel also requires as does *res judicata* that the first judgment be rendered on the merits and be a final judgment by a court having competent jurisdiction over the subject matter and the parties." 171. W.Va. at 588, 301 S.E.2d at 218. In syllabus point 8 of *Conley*, we noted that "[a] fundamental due process point relating to the utilization of collateral estoppel is that any person against whom collateral estoppel is asserted must have had a prior opportunity to have litigated his claim." *Id.* We recognized in *Conley* that the focus of collateral estoppel is "whether the issues which are being sought to be litigated in the second suit were actually litigated in the first suit." *Id.*

In *Galanos v. National Steel Corp.*, 178 W.Va. 193, 358 S.E.2d 452 (1987), we addressed the issue of collateral estoppel and reiterated the principles employed in *Conley*. In *Galanos*, several workers injured in a plant explosion brought separate personal injury actions against National Steel. 178 W.Va. at 194, 358 S.E.2d at 453. Based upon a favorable judgment on the issue of liability obtained in one of the first suits, National Steel brought a motion for summary judgment in a subsequent suit by other workers, arguing that the principles of collateral estoppel precluded relitigation of the same issue. *Id.* We reversed the trial court's award of summary judgment on National Steel's behalf, based in part upon the fundamental due process requirement that any person against whom collateral estoppel is asserted must have had a prior opportunity to have litigated his claim. *Id.* 178 W.Va. at 195, 358 S.E.2d at 454–55.

A prerequisite to the application of the doctrine of collateral estoppel, as we have clearly defined it in *Conley*, is the existence of several elements which are absent in the present case. As discussed above, collateral estoppel requires, among other things, an issue which has actually been litigated in an earlier proceeding, a previous judgment rendered on the merits, and a scenario in which the entity against whom collateral estoppel is asserted has had a prior opportunity to have his claim litigated. The default judgment against Hester Sizemore upon which the decision in question is founded lacks those three elements. It is based upon Hester Sizemore's lack of diligence and/or interest in answering a claim filed against her. Matters related to the actual payment of premiums and Federal Kemper's ultimate potential obligation to its insured and a passenger were not actually litigated, and the decision which was rendered was based primarily upon a procedural rule rather than the merits of the case.

Ample authority exists for the proposition that a default judgment has no collateral estoppel effect. *See* Restatement (Second) of Judgments § 27e (1982). The Restatement recognizes that issues are not actually litigated in a default judgment action and, consequently, that default judgments are not appropriate foundations for the application of collateral estoppel. *Id.; see also Grip–Pak, Inc. v. Illinois Tool Works, Inc.*, 694 F.2d 466, 469 (7th Cir. 1982), *cert. denied*, 461 U.S. 958, 103 S.Ct. 2430, 77 L.Ed.2d 1317 (1983); *Blea v. Sandoval*, 107 N.M. 554, 558, 761 P.2d 432, 435–36, *cert. denied*, 107 N.M. 413, 759 P.2d 200 (1988).

Pursuant to the doctrine of collateral estoppel, a default judgment taken by an insurer against an insured on the issue of coverage does not preclude an injured plaintiff from re-addressing the issue of insurance coverage on the merits in a declaratory judgment action against the insurer. Matters resolved by means of default judgment were not actually litigated, and the judgment was not rendered on the merits. Consequently, the default judgment entered against Hester Sizemore in

the present case was not a proper foundation for the lower court's order of summary judgment against the appellant. Accordingly, the decision of the Circuit Court of McDowell County is reversed, and this matter is remanded for additional proceedings on the merits of the appellant's claim against Federal Kemper.

Reversed and remanded.