In re Jenny Lee FORD, Debtor.

W.H. FORD, as Trustee, Plaintiff,

v.

Jenny Lee FORD, Defendant.

Bankruptcy No. 93–1758–9P7.
Adv. No. 93–365.

United States Bankruptcy Court,
M.D. Florida,
Ft. Myers Division.

Dec. 19, 1995.

Timothy R. Parry, Naples, FL, for Plaintiff.

Jeffrey W. Leasure, Ft. Myers, FL, for Defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT ON COUNT III AND MOTION TO CHANGE VENUE

ALEXANDER L. PASKAY, Chief Judge.

IN THIS Chapter 7 case the matter under consideration is a Motion for Summary Judgment and Motion to Change Venue filed by W.H. Ford, as Trustee (W.H. Ford). The Complaint which originally consisted of four counts left one claim for consideration which is set forth in Count III. In this Count W.H. Ford sought a determination that a judgment obtained against Jenny Lee Ford (Debtor), in the amount of $213,461.82 as compensatory damages plus $100,000.00 punitive damages should be declared to be nondischargeable pursuant to § 523(a)(6) of the Bankruptcy Code. In his Motion, W.H. Ford contends there are no genuine issues of material facts and based on the doctrine of collateral estoppel he is entitled to judgment in his favor declaring the judgment described to be outside of the overall protection of the general bankruptcy discharge.

In addition, W.H. Ford contends that the law of the case has been already established by the District Court when it considered the appeal by W.H. Ford and ruled that the Complaint filed by W.H. Ford did state a viable claim under § 523(a)(6) of the Bankruptcy Code. Considering this last proposition urged by W.H. Ford, it should be helpful to briefly recap the procedural background of the present motion under consideration.

On June 8, 1993, W.H. Ford filed his complaint in which he asserted several claims of nondischargeability. After disposing of all claims, except one set forth in Count III based on § 523(a)(6), on October 6, 1994, this Court granted the Debtor's Motion for Judgment on the Pleadings and entered a Final Judgment in favor of the Debtor and dismissed the claim set forth in Count III with prejudice. The Final Judgment was based on the conclusion by this Court that a judgment obtained by W.H. Ford in West Virginia against the Debtor was not the species of property which is capable of being injured.

 W.H. Ford, having been aggrieved by the Order, filed his notice of appeal on October 17, 1994. On April 13, 1995, the District Court reversed this Court's Final Judgment and remanded the adversary proceeding, with the direction to proceed consistent with the decision of the District Court. In essence the District Court held in its decision that this Court erred by concluding that W.H. Ford does not have a viable claim under § 523(a)(6) because it is the conduct of the Debtor and not the character of the property which is relevant in considering the viability of a claim under § 523(a)(6) of the Code. In so holding, the District Court relied upon the case of *Lawrence T. Lasagna, Inc. v. Foster*, 609 F.2d 392 (9th Cir.1979). In this case, the Ninth Circuit, construing § 17(a)(8) of the Bankruptcy Act of 1898, the predecessor section of § 523(a)(6) concluded that it is the character of the conduct, and not the type of property involved which is controlling. In *Lasagna*, the property involved was a "debt" which was injured by the conduct of the Debtor. This Court has no difficulty to accept the proposition that the character of the conduct is certainly relevant since it is clear that before the liability is excepted from the overall protection of the general bankruptcy discharge the conduct must be willful and malicious. The difficulty with the pragmatic resolution of the issue urged by W.H. Ford should be evident when one considers the entire Section. While it is true that the conduct must be willful and malicious, the conduct must also cause injury to something, and the something is specified

in the section which provides "an injury to an entity or a property of an entity." The District Court never considered this aspect of a claim asserted under this Section, and thus its decision must be limited to the holding that the complaint stated a viable claim under § 523(a)(6) and nothing more. Consequently this Court is satisfied that the District Court's decision does not represents the dispositive law of the case and is not controlling as to the total aspect of the claim under consideration. From this it follows that the Motion under consideration must be considered in light of the undisputed facts which are germane and relevant to the resolution to the claim of nondischargeability asserted by W.H. Ford. These facts as they appear from the record are as follows:

It appears that on September 21, 1989, W.H. Ford, Trustee obtained a judgment against J. Robert Ford and Ford Brothers, Inc. in the Court of Common Pleas of Lawrence County, Ohio in the amount of $73,-745.31 plus interest from November 20, 1988. On July 25, 1989 J. Robert Ford conveyed to the Debtor certain real property referred to as the "Hidden Valley Property" located in Wayne County, West Virginia. (Exhibit E). It further appears that the Ohio judgment was properly domesticated in the State of West Virginia on January 22, 1990. (Exhibit C). Subsequently, in an attempt to collect the Ohio judgment, in 1990, W.H. Ford filed his Second Amended Complaint against J. Robert Ford, Jenny L. Ford and One Valley Bank of Huntington, Inc. The gravamen of the charge was that by conveying the property to the Debtor it was done for the specific purpose of preventing W.H. Ford to subject the Hidden Valley property to satisfaction of the judgment he obtained against the Debtor's husband.

While this action was pending in West Virginia, on June 17, 1991 J. Robert Ford and the Debtor executed in favor of One Valley Bank of Huntington, Inc. (Bankr), a deed of trust securing an indebtedness in the principal amount of $200,000.00 (Exhibit F). The Complaint filed by W.H. Ford was later amended, adding a charge that, as part of the conspiracy, the Debtor and her husband borrowed the $200,000.00 from the Bank, there-by exhausting all the equity in the subject property thus preventing W.H. Ford to obtain any satisfaction of the Judgment even if he proceeded to attempt to execute against the property. On November 13, 1992, the Circuit Court of Wayne County, West Virginia entered a document entitled "Judgment Order." In its Order the Court found that the Debtor received all the benefits of the transactions with the Bank which she and her husband participated, therefore, she is legally liable and responsible for the obligation imposed on her husband by the judgment. The Final Judgment entered by the Court in West Virginia was in the amount of $113,491.89, composed of the original Ohio judgment, plus accrued interest and attorney fees. In addition, the court found that the Debtor acted in concert with her husband, J. Robert Ford to try to devise a scheme to avoid the judgment obtained by W.H. Ford against the husband in Ohio in September of 1989 and concluded that the Debtor acted intentionally and maliciously and awarded punitive damages against her in the amount of $100,000.00. This is the liability represented by this West Virginia judgment which is sought to be excepted from the discharge pursuant to § 523(a)(6) of the Bankruptcy Code.

It further appears from the record that the Final Judgment entered against the Debtor in West Virginia was entered by default. The default was based on W.H. Ford's presentation to the Court that he attempted to subpoena the Debtor and noticed the deposition for which she failed to appear. Notwithstanding the court received some evidence and the testimony of four witnesses in support of the claim of W.H. Ford.

Based on these facts which are, in fact, without dispute, W.H. Ford contends that based on the doctrine of collateral estoppel he is entitled to a judgment as a matter of law in his favor declaring the debt represented by the West Virginia judgment to be nondischargeable pursuant to § 523(a)(6) of the Code based upon the ruling of the District Court and the doctrine of collateral estoppel.

 Collateral estoppel, or issue preclusion, bars relitigation of an issue previously

decided in judicial or administrative proceedings if the party against whom the prior decision is asserted had a "full and fair opportunity" to litigate that issue in an earlier case. *Allen v. McCurry,* 449 U.S. 90, 95, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980). Collateral estoppel principles apply also to dischargeability litigation. *Grogan v. Garner,* 498 U.S. 279, 285 n. 11, 111 S.Ct. 654, 658 n. 11, 112 L.Ed.2d 755 (1991); *In re St. Laurent,* 991 F.2d 672 (11th Cir.1993). If the prior judgment was rendered by a state court, then the collateral estoppel law of that state must be applied to determine the judgment's preclusive effect. *In re Touchstone,* 149 B.R. 721, 725 (Bankr.S.D.Fla.1993).

■ The judgment under consideration was entered by the Circuit Court of the State of West Virginia; thus the application of the doctrine is governed by the laws of West Virginia. Under law of that State there are three factors that must be established before the collateral estoppel or issue preclusion would apply. These are the following: (1) the issue was decided on its merits; (2) it was actually litigated or; (3) that the entity against whom the doctrine who is sought to be invoked had the prior opportunity to litigate the claim. *Christian v. Sizemore,* 185 W.Va. 409, 407 S.E.2d 715, 718 (1991); see *State ex rel. Hamrick v. LCS Services,* 186 W.Va. 702, 414 S.E.2d 620 (1992); *Tri–State Asphalt Prod. v. Dravo Corp.,* 186 W.Va. 227, 412 S.E.2d 225 (1991).

■ The fact that the earlier suit in which the judgment was entered might have been based on a different cause of action between the parties from the cause of action in the present suit is of no consequence. *Lane v. Williams,* 150 W.Va. 96, 100, 144 S.E.2d 234, 236 (1965). *Conley v. Spillers,* 171 W.Va. 584, 301 S.E.2d 216, 220 (1983).

■ Applying the foregoing legal principles to the undisputed facts under consideration this Court is satisfied that while the litigation in West Virginia was proceeded to conclusion by default albeit the Court received testimony the Debtor had an opportunity to litigate her claim in this instance to defend against the claims asserted against her and the issue concerning her conduct was decided on the merits of a claim. Accordingly, it appears facially that W.H. Ford is entitled to summary judgment as a matter of law unless this Court is satisfied that all the necessary elements of a claim of a nondischargeability pursuant to § 523(a)(6) were not actually decided by the Court in West Virginia. True enough the Court in West Virginia found the Debtor to be guilty of willful and malicious conduct. However, there is nothing in this record which indicates what was the "willful and malicious" conduct which caused the injury by the conduct of the Debtor and not the conduct of her husband unless the injury was the inability of W.H. Ford to collect the judgment. The conclusion the Court in West Virginia that she was liable on the Ohio judgment because she obtained the benefits of the various and sundry fraudulent transfers committed by her husband, this by itself would not be sufficient to show that in fact that she had the active tortious intent to injure W.H. Ford. After all she was only a passive recipient of the several fraudulent transfers or all other nefarious conduct by her husband. This being the case this Court is satisfied that it is improper to dispose of claim of non dischargeability against her in a summary fashion.

■ This leaves for consideration the request of W.H. Ford to transfer this adversary proceeding to West Virginia. In support of this request, counsel for W.H. Ford points out to the undisputed facts that all transactions under scrutiny took place in Ohio or West Virginia that all witnesses with knowledge of these transactions are in those states and none of them are in Florida. Moreover, it now appears that the Debtor herself moved back to West Virginia.

In opposition of the Motion to Transfer this Adversary Proceeding to West Virginia counsel for the Debtor urges that it will place an undue hardship on the Debtor to require her to engage services of new counsel who is not familiar with the facts of this case and her current counsel who was involved in the Adversary proceeding from the very beginning including an appeal process is fully familiar and would be able to defend her posi-

tion in Florida with hardly any additional preparation.

 Transfer of Venue is discretionary and is well established that the burden is on the moving party to establish by a preponderance of the evidence before a motion is granted. Transfer of venue is discretionary and the moving party has the burden to establish by a preponderance of the evidence before it can prevail. *In re Thomasson,* 60 B.R. 629 (Bankr.M.D.Tenn.1986); *In re Butcher,* 46 B.R. 109 (Bankr.N.D.Ga.1985); *In re Legend Industries, Inc.,* 49 B.R. 935 (Bankr.E.D.N.Y.1985). In balancing the relative conveniences or hardships of the parties, courts have examined several factors which include:

(1) the proximity of creditors to the court;

(2) the proximity of the debtor to the court;

(3) the proximity of necessary witnesses;

(4) the location of assets;

(5) the economic administration of the estate;

(6) relative advantages and obstacles to a fair trial;

(7) economic harm to a debtor; and

(8) inability of a party to defend in the new forum.

See *In re Thomasson, supra,* at 632; *In re Butcher, supra,* 46 B.R. at 112; *In re D'Andrea,* 7 B.R. 695 (Bankr.D.Nev.1980).

Applying the foregoing to the facts involved in this case the factors recited earlier clearly indicate that is it appropriate to grant the motion and to transfer this adversary proceeding for final disposition to the Bankruptcy Court in the Southern District of West Virginia.

Accordingly it is

**ORDERED, ADJUDGED AND DECREED** that the Motion for Summary Judgment be, and the same is hereby, denied. It is further

**ORDERED, ADJUDGED AND DECREED** that the Motion to Transfer Venue be and the same hereby is granted and the above-captioned Adversary Proceeding be and the same hereby is transferred to the United States Bankruptcy Court of the Southern District of West Virginia.

**DONE AND ORDERED.**