In re Marshall **FIELD**, Jr., Debtor.

Jeffrey B. **GIVENS**, Plaintiff,

v.

Marshall **FIELD**, Jr., Defendant.

Bankruptcy No. 97–05498.
Adversary No. 97–80246.

United States Bankruptcy Court,
D. South Carolina.

June 1, 1998.

James H. Cassidy, Love, Thornton, Arnold & Thomason, P.A., Greenville, SC, for Defendant.

## ORDER

WM. THURMOND BISHOP, Bankruptcy Judge.

Before the court is plaintiff's motion for summary judgment regarding a pending adversary action to have a West Virginia judgment, now indexed in South Carolina, declared non-dischargeable.

This motion was heard on February 4, 1998, and is based solely on the application of the doctrine of collateral estoppel to foreclose relitigation of issues in this adversary which have actually been litigated in this earlier West Virginia action.

Principles of collateral estoppel or issue preclusion apply in dischargeability proceedings in bankruptcy and federal courts must as a matter of full faith and credit apply the forum state's law of collateral estoppel when the courts of the state from which the judgment emerged would do so. *Grogan v. Garner*, 498 U.S. 279, 284, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *Todd v. Societe BIC*, 9 F.3d 1216 (7th Cir.1993).

The threshold question regarding this motion is whether in West Virginia a default judgment can be the foundation for the application of the doctrine of collateral estoppel. The judgment at issue here originated in West Virginia and is a default judgment resulting from discovery abuses.

This court is of the belief that plaintiff's analysis of *Christian v. Sizemore*, 185 W.Va. 409, 407 S.E.2d 715 (1991) is misplaced as this case indicates that West Virginia is one of those states which still applies the principle of collateral estoppel as set forth in the Restatement of Judgments which is that default judgments have no collateral estoppel effect. *Restatement (Second) of Judgments* § 27(e) 1982.

The plaintiff reads West Virginia law to afford collateral estoppel when an individual had the prior opportunity to litigate his or her claim and the defendant had this opportunity in this case. However, the plain-

Judson K. Chapin, III, Gaines, Walsh & Chapin, Spartanburg, SC, for Plaintiff.

tiff is only partially correct. Under West Virginia law, the requirement for collateral estoppel is three fold: there must be a judgment rendered on the merits; there must be an issue which has been actually litigated; there must be a scenario in which the entity against whom collateral estoppel is asserted has had a prior opportunity to have its claim litigated. These requirements are conjunctive not disjunctive.

The plaintiff fails to show that this action was actually litigated. The law in West Virginia is as set forth in *Christian* and holds that default judgments cannot be afforded collateral estoppel because these judgments have not been actually litigated. 407 S.E.2d 715. Collateral estoppel is not applicable in the case before this court.

Now, therefore, it is

ORDERED that the plaintiff's motion for summary judgment is denied.