# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**September 4, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**DONTA WADE,**
**Plaintiff Below, Petitioner**

**v.) No. 23-ICA-166**      (Cir. Ct. Cabell Cnty. Case No. 22-C-74)

**JARED BROWN and**
**BLUE FIRST MANAGEMENT, LLC,**
**Defendants Below, Respondents**


## MEMORANDUM DECISION

Petitioner Donta Wade appeals the April 12, 2023, order of the Circuit Court of Cabell County which granted Respondents' motion for summary judgment. Respondents Jared Brown and Blue First Management, LLC, timely filed a response.[1] Mr. Wade did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law, but we find there is error in the circuit court's order. Accordingly, a memorandum decision is appropriate under the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure. For the reasons below, the circuit court's order is reversed, and the matter is remanded to the circuit court.

In October of 2021, the Respondents purchased the apartment building where Mr. Wade lived. On November 4, 2021, the Respondents filed a Petition for Summary Relief Wrongful Occupation of Residential Rental Property against Mr. Wade alleging that he was in arrears in the amount of $4,400.00. On December 1, 2021, Mr. Wade filed his answer and asserted a counterclaim for $150,000.00 for harassment, retaliation, emotional distress, and violation of human rights. On December 2, 2021, the magistrate court entered a judgment against Mr. Wade for $325.00 in rental arrears. The judgment of the magistrate court was not appealed.

Mr. Wade asserts that he was informed by the magistrate court that it could not hear his counterclaim because it was above the jurisdictional amount in controversy for magistrate courts. Since magistrate courts are not courts of record, there is no recording of

---

[1] Mr. Wade is self-represented. Respondents are represented by Michael Dru Frazier, Esq.

the magistrate court hearing, and the magistrate does not make its ruling regarding its jurisdiction over the counterclaim in any written order.

On February 28, 2022, Mr. Wade filed his underlying complaint in circuit court asserting claims against the Respondents for breach of warranty of habitability, breach of quiet enjoyment, unfair and deceptive business practices, harassment as a form of retaliation and intimidation, intentional infliction of emotional distress, negligent infliction of emotional distress, willful misconduct/punitive damages, and negligent oversight. The factual allegations include the Respondents failing to remove an animal trapped in the wall of the apartment, ripping down Mr. Wade's privacy blinds, turning on the water in the apartment above Mr. Wade's until it flooded Mr. Wade's apartment, blocking Mr. Wade's access to his apartment, and generally interfering with his quiet enjoyment.

The Respondents moved to dismiss the complaint on the basis that the complaint set forth only legal conclusions. The circuit court denied the motion by order entered June 7, 2022. The circuit court then entered a scheduling order that required Mr. Wade to disclose any expert witness by July 15, 2022, and ordered all discovery to be completed by September 21, 2022.

On July 15, 2022, Mr. Wade submitted his expert disclosure. The disclosure lists the name of his physician, the physician's contact information, and what Mr. Wade expected the physician to testify about. Specifically, the disclosure stated that the physician would testify that Mr. Wade suffered severe medical problems "that appear to be caused by stress, emotional stress, depression, anxiety, worry, anger, suppression of feelings and emotions, trauma, and gastrointestinal problems." The disclosure was signed by Mr. Wade.

On October 20, 2022, the Respondents moved for summary judgment on the basis that Mr. Wade's claims were barred by res judicata and collateral estoppel and Mr. Wade otherwise failed to participate in discovery. On October 21, 2022, the Respondents filed a motion in limine to exclude the testimony of Mr. Wade's physician on the basis that the record indicated that Mr. Wade was suffering from abdominal issues, which was not pleaded in the complaint. There also was a motion to compel discovery filed by the Respondents.

On January 24, 2023, the circuit court held a hearing on the Respondents' motions for summary judgment and to compel discovery. At the hearing, counsel for Respondents indicated that they received discovery from Mr. Wade that they had yet to review, and that Mr. Wade's deposition had been taken, though no transcript had been prepared. The circuit court inquired of Mr. Wade about whether his physician would be willing to come into court and testify that his medical problems were the result of being evicted. Mr. Wade indicated that his physician would testify to that effect. Then circuit court then directed Mr. Wade to submit affidavits to the court from his expert that stated their opinion as to what

2

they're going to testify to. The circuit court indicated that it would revisit the motion for summary judgment after thirty days.

On March 1, 2023, Mr. Wade submitted his Amended Doctors Opinion Letter & Medical Records and Notes. The submission included a letter signed, but not sworn, by Mr. Wade's physician. The letter stated that the physician had treated Mr. Wade for irritable bowel syndrome which most evidence suggests is a result of altered gut reactivity which may be caused by environmental factors such as stress.

On March 7, 2023, Respondents filed their renewed motion for summary judgment on the basis that the Amended Doctors Opinion Letter did not comply with the courts order as it was not an affidavit; does not say a physician would attend trial; does not say a physician would testify for Mr. Wade; and does not tie Mr. Wade's condition to the actions of the Respondents.

On April 12, 2023, the circuit court entered its Order Granting Summary Judgment. In that order, the circuit court reasoned:

> Upon due consideration of the file and arguments in their entirety, this Court finds that the alleged duty and breach arguments made by Mr. Wade are barred by the doctrines of res judicate [sic] and collateral estoppel. The only differentiation between the magistrate court case and this action are the claims for physical damages. The court gave Plaintiff ample time and direction to present evidence of injury, and evidence of causation. Plaintiff failed to do so. Therefore, the Plaintiff's case lacks legal standing.

It is from this order that Mr. Wade appeals.

It is well established in West Virginia that "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 190, 451 S.E.2d 755, 756 (1994). In conducting our de novo review, we apply the same standard for granting summary judgment that is applied by the circuit court. Under that standard,

> [s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

*Id*. at 190, 451 S.E.2d at 756, syl. pt. 4.

We turn first to the Respondents' argument that Mr. Wade's claims are barred by the doctrines of res judicata and collateral estoppel. The doctrine of collateral estoppel is distinguishable from the doctrine of res judicata in that collateral estoppel bars litigation of

3

matters which have already been actually litigated, whereas res judicata may apply to matters that could have been litigated. *Lane v. Williams*, 150 W. Va. 96, 100, 144 S.E.2d 234, 236 (1965). The Supreme Court of Appeals of West Virginia has defined the criteria for the application of collateral estoppel as follows:

> Collateral estoppel will bar a claim if four conditions are met: (1) The issue previously decided is identical to the one presented in the action in question; (2) *there is a final adjudication on the merits of the prior action*; (3) the party against whom the doctrine is invoked was a party or in privity with a party to a prior action; and (4) the party against whom the doctrine is raised had a *full and fair opportunity to litigate the issue in the prior action.*

Syl. Pt. 1, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995) (emphasis added). Likewise, the Supreme Court of Appeals has established a three-factor test for determining when res judicata bars a claim:

> First, there must have been a *final adjudication on the merits* in the prior action by a court *having jurisdiction of the proceedings*. Second, the two actions must involve either the same parties or persons in privity with those same parties. Third, the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action.

Syl. Pt. 4, in part, *Blake v. Charleston Area Med. Ctr., Inc.*, 201 W. Va. 469, 498 S.E.2d 41 (1997) (emphasis added).

Here, there is nothing in the record to indicate that Mr. Wade's claims were ever adjudicated on the merits by a court with jurisdiction. Nor could they be, as the magistrate court lacked jurisdiction over Mr. Wade's claims because the amount in controversy exceeded $10,000.00. *See* W. Va. Code § 50-2-1 (2016) ("Except as limited herein and in addition to jurisdiction granted elsewhere to magistrate courts, such courts shall have jurisdiction of all civil actions wherein the value or amount in controversy or the value of property sought, exclusive of interest and cost, is not more than $10,000."). Accordingly, because the magistrate court did not and could not reach the merits of Mr. Wade's claims, the circuit court erred in concluding that Mr. Wade's claims were barred by the doctrines of res judicata and collateral estoppel.

Next, Respondents argue that summary judgment is appropriate because Mr. Wade failed to attend his own deposition and otherwise failed to participate in discovery.[2] The

---

[2] It appears from the transcript of the January 24, 2023, hearing that Mr. Wade's deposition had been taken at the time of the hearing and Mr. Wade had provided other

4

decision to impose judgment as a discovery sanction is within the sound discretion of the circuit court. *See Doulamis v. Alpine Lake Prop. Owners Ass'n, Inc.*, 184 W. Va. 107, 110, 399 S.E.2d 689, 692 (1990). Here, however, it is unclear from the circuit court's order whether these issues were addressed by the circuit court. The circuit court's order notes that Respondents have raised these issues but does not cite any authority or use any language in its ruling which would indicate whether the circuit court was granting summary judgment as a sanction for discovery violations or whether the circuit court was merely concluding that Mr. Wade failed to provide any evidence of causation of his medical conditions because he failed to fully comply with the circuit court's directive.[3] Since it is unclear whether or not these issues were decided by the circuit court, it should address them on remand.

Wherefore, based on the foregoing, the April 12, 2023, order of the Circuit Court of Cabell County is reversed, and this matter is remanded for further proceedings consistent with this decision.

Reversed and Remanded.

**ISSUED:** September 4, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

---

discovery that had not yet been reviewed by the Respondents and was likely to be the subject of further discovery disputes.

[3] The circuit court's ruling appears to have been premised upon an erroneous conclusion that most of Mr. Wade's complaint was barred by the doctrines of res judicata and collateral estoppel, and, therefore, the circuit court did not analyze all of Mr. Wade's claims and the damages stemming therefrom. We further note that expert testimony is not required to prove every claim or establish all damages. *See J.C. by & through Michelle C. v. Pfizer, Inc.*, 240 W. Va. 571, 583, 814 S.E.2d 234, 246 (2018) ("[O]ur case law demonstrates that the determination of whether expert testimony is necessary to sustain the burden of proof in complex cases . . . is made on a case-by-case [basis]. When the issues are beyond the common knowledge and experience of the average juror, expert testimony shall be required."); Syl. Pt. 11, *Jordan v. Bero,* 158 W. Va. 28, 210 S.E.2d 618 (1974)*,* (discussing when expert testimony is required to establish future damages.).

5